# THE PEOPLE *ex rel.* FORD *v.* IRWIN, Sheriff.

THE statutory lien of a judgment upon the real estate of the judgment debtor, attaches only upon property in which such debtor has a vested legal interest.

A deed of land from A to F, reciting the consideration at one hundred dollars, and a contract not under seal, not acknowledged nor recorded, from F, agreeing to reconvey the land to A, upon payment within a given time, of eight thousand six hundred dollars, with interest at a specified rate, deducting the rents and profits of the land during the period limited for payment, were delivered between the parties at the same time. *Held,* that the deed is not a mortgage, in the absence of proof, that the consideration for it was a debt pre-existing, or created at the time, and still subsisting between the parties; that the provisions in the contract of reconveyance, relative to the payment of interest, and the rents and profits, do not necessarily imply the existence of a debt, which is essential to a mortgage.

If it were shown *aliunde,* that the consideration of the deed was a pre-existing debt, these provisions would be strong evidence of the continued existence of the debt, and that the deed was intended as a mortgage.

If, from such proof, in connection with the instrument itself, it was clearly a mortgage, then it would be so held, although the parties had inserted in the contract to reconvey an express declaration, that it should be treated only as a contract to reconvey, and not as a mortgage.

This case differs from *Hickox* v. *Lowe,* (10 Cal. 197,) because there, the consideration of the deed was a precedent debt, the defeasance was under seal, and both instruments were executed and delivered at the same time, and acknowledged and recorded together.

On *mandamus* by the assignee of a Sheriff's certificate of sale to compel the execution of a deed, the question whether such certificate is not merged in a deed made to the assignee by the execution debtor after the sale, cannot be tried. The right to the deed, is the only matter in controversy.

APPEAL from the Fourteenth District.

On the trial defendant objected to the deed offered by relator from Ford and wife to him, dated February 23d, 1857, on the ground that the relator predicated his right to recover upon the assignment of the certificate of sale, and not upon the deed; that it was not plead, and was irrelevant to the issue.

*McConnell & Niles,* for Appellant.

1. At the date of the alleged redemption by Rigby, he was not a redemptioner.

I. Two classes of persons are by our law entitled to redeem property sold at judicial sale. They are: 1. The debtor or his successor in interest. 2. A creditor having a lien by judgment or mortgage, etc. (Prac. Act. Sec. 230.)

It will scarcely be pretended that Rigby redeemed as "successor in interest;" for at the date of the alleged redemption, he had received no conveyance from the Sheriff, but had a naked judgment. He falls, therefore, within the second class, who are termed by the statute, "redemptioners."

Our position is that Rigby was not a redemptioner, because he had no lien. Or, in other words, because at the date of the rendition of his judgment, the title of the property had passed from Arnold, so that nothing was left upon which the lien of the judgment could attach. (*McMillan* v. *Richards*, 9 Cal. 365.)

But it is objected that the conveyance from Arnold and wife to Ford was not absolute, but accompanied by a defeasance, both of which taken together, constitute a mortgage. That therefore an equity of redemption was left in Arnold, upon which Rigby's lien might operate.

As to the law of mortgages and conditional sales, see *Hickox* v. *Lowe*, (10 Cal. 197—210.)

That decision was correct. But it carries the equitable leaning in favor of mortgages, at least as far as either precedent or principle will warrant.

The controlling features of that case were as follows : 1. The fact that both instruments were under seal, and their cotemporaneous execution and registry. 2. The identity of the sums mentioned in each. 3. The covenants to pay interest and to account for rents, etc. 4. The existence of the debt of four thousand five hundred dollars, and the fact that Hickox was liable to pay it. 5. The phraseology of the instruments, from which it appeared that a right of redemption existed. All of these grounds may be reduced to one, viz : The existence of the debt, and the fact that the instruments were intended to secure its payment.

This is the real test in all cases of doubt, and if the relation of creditor and debtor does not exist between the parties—or if, having once existed, it is extinguished by the transaction—then, whatever may be the form of the instruments, they did not constitute a mortgage. (4 Kent's Com. 144, Note *e.; Slee* v. *Manhattan Co.* 1 Paige's Ch. 56; 1 Hill. on Mort. Ch. 5, p. 85.)

When we say that a debt owing by grantor to grantee is essential to all mortgages, we mean an actual legal demand, for

which the party is bound, and which can be collected by legal proceedings. Hence, there must be some promise, undertaking, or covenant, to pay so much money on the part of him who claims the right to redeem.

He who alleges an instrument to be a mortgage, must prove it. There is no legal or equitable presumption in favor of holding a transaction to be a mortgage, rather than a conditional sale. After it is once shown that an instrument was intended to secure a debt, Courts of Equity will not allow the grantor's right of redemption to be taken away by the caprice or tyranny of the creditor—or by the fraud or mistake of the scrivener who drafted the deeds.

Besides the fact that no debt is shown to exist, there are other points of difference in the case at bar, showing that the transaction was never intended as a mortgage.

Ford's covenant is not under seal. This would destroy its character as a defeasance at law, even if it had been intended to operate as one.

The fact that Ford exacts interest, while he, at the same time, covenants to account for rents and profits, are circumstances favoring the idea of a mortgage. But they are not inconsistent with the idea of a conditional sale; for, in many cases of undoubted conditional sales, interest was exacted by one party, and the other agreed to account for rents, etc.

The rule is, that " where all the clauses of an instrument are consistent with a conditional sale, but some are inconsistent with a mortgage, it will be construed as a conditional sale." (*Chapman* v. *Turner*, 1 Call, Va. 251; 1 Hilliard on Mortgages, 87, and Note.)

The so-called defeasance contains a clause positively declaring that the transaction shall not be construed as a mortgage. (4 Kent's Com. 143, 144; *Hodgson* v. *Ambrose*, 1 Doug. 341; *Bagshaw* v. *Spencer*, 1 Ves. Sen. 142; 2 Atkyn, 246, 570—577; *Perrin* v. *Blake*, 4 Burrows, 2579; see, also, *Floyer* v. *Lavington*, 1 Peere Williams, 268; *Williams* v. *Owens*, 5 Mylne & Craig, 306; Id. Opinion of M. R. 10 Simons, 381; same case reported in Law Journal of 1843, pp. 207, 208—Equity Volume; *Goodman* v. *Grierson*, 2 Ball & Beatty, 24; *Perry* v. *Meddowcraft*, 4 Beavan's Ch. 197; *Chapman* v. *Turner*, 1 Call, Va. 257; *Hicks* v. *Hicks*, 5 Gill &

Johns. 75; *Baker* v. *Thrasher*, 4 Denio, 493; see, also, 2 Edwards' Ch. 138; 9 Vernon, 276; N. H. 130; also, the opinion of the Chancellor in *Holmes* v. *Grant*, 8 Paige's Ch. 254; 1 Russell & Mylne, 506.)

Every case cited by us differs from the case at bar in one very essential respect. Here, there is not the slightest evidence of identity between the sum paid by Ford as 'the consideration of the original purchase, and the sum to be paid by Arnold and wife upon a reconveyance by him. While in all the cases cited, such identity is clearly established, and taken for granted by the Court. This is a very important difference, and would seem to be sufficient of itself to dispose of the case. At all events, when taken in connection with the fact that there is not a single word or sentence in either instrument, which can be construed into a covenant to pay by Arnold and wife, it becomes absolutely conclusive.

Under the circumstances, there was no merger of the certificate of sale, and the title conveyed to Ford by the deed. The certificate carried no estate in the property—and the rule is that estates merge—not titles, or conveyances. Nor was the certificate of sale extinguished by coming in contact with the estate conveyed by deed. (*McMillan* v. *Richards*, 9 Cal. 365; *Knight* v. *Fair*, Id. 117; 2 Blac. Com. Secs. 103, 105, 177, 195; *Butler* v. *Miller*, 5 Denio, 160; *Roberts* v. *Jackson*, 9 Wend. 486; *James* v. *Moran*, 2 Cow. 248—323, see particularly p. 284 of the report; Ambler, 246; 2 Ves. Sen. 264; 3 Johns. Ch. 53; 5 Id. 214; 6 Id. 393; Coke on Lit. 338, a.)

*Vanclief & Stewart*, for Respondent.

If the relator held the certificate of sale under the Taylor judgment, and before the levy of the attachment in *Rigby* v. *Arnold* obtained the legal title by virtue of this deed from Arnold and wife, Rigby took nothing by his attachment or execution.

But while this theory is fatal to our title, it is a complete answer to this proceeding, for the reasons: 1st, that the relator is asking this Court to compel the Sheriff to do a vain thing, viz: to make him a deed for property to which he already has the title; 2d, because as against Rigby, to whom the Sheriff has already made a deed, he has a complete and adequate remedy at

law, by ejectment, as well as against all other persons claiming under liens subsequent to the deed, and this must be true, whether there was a merger of his lien, acquired by the certificate of sale from Taylor, or not.

The writ of *mandamus* will not issue, where there is a plain, speedy, and adequate, remedy at law. (Practice Act, Sec. 468; *Goodwin* v. *Glover*, 11 Cal. 333; *Draper* v. *Noteware*, 7 Id. 276; *Shiply* v. *The Mechanics' Bank*, 10 Johns. 484; *The People* v. *Mayor of New York*, 25 Wend. 680.)

But if this deed be what we are now supposing it to be, the lien, by virtue of the certificate of sale, is merged in it or extinguished by it, by operation of law, unless there be some equitable purpose to be subserved by keeping it on foot. (*Strout* v. *Natoma Water Co.* 9 Cal. 78; *Clift* v. *White*, 2 Ker. 519; *Star* v. *Ellis*, 6 Johns. Ch. 393.)

The defeasance shows that the deed was intended to secure the payment within one year, of the sum of eight thousand six hundred dollars, with interest, at the rate of two and one-half per cent. per month, and, that Ford was to account for the rents and profits, which makes it a mortgage; and the provision, which it contains, against this legal conclusion, cannot make it an absolute deed any more than it can make it a lease or a promissory note. The law denominates and classifies contracts according to their legal effect. (1 Hill. on Mort. Sec. 31, p. 12, 13; *Henry* v. *Davis*, 7 Johns. Ch. 40; *Clark* v. *Henry*, 2 Cowen, 324; *Dunham* v. *Dey*, 2 Johns. Ch. 182; 15 Id. 555; 7 Wend. 248; 4 Denio, 493; *Gellis* v. *Martin*, 2 Dev. Eq.; *Lee* v. *Evans*, 8 Cal. 434; *Hacket* v. *Howe*, 10 Id. 197.)

Whether the deed and defeasance constitute a deed or a mortgage, they should have been pleaded. If a deed, the only purpose for which it could be introduced, would be to show that Rigby was not a redemptioner. The affidavit and the answer make no such issue. That question could not be tried. (Prac. Act, Sec. 472.) The relator should have replied to the case stated in the answer and set up his deed to show that Rigby was not a redemptioner. (Prac. Act, Sec. 476.) If a mortgage, this instrument could be introduced as evidence in this case for only one purpose, viz: to show that relator had, at the time of the redemption, other liens on the property, besides the Taylor certifi-

cate of sale, which were prior to the lien of the redemption. For this purpose it is not competent, for no such issue is made by the pleadings. Relator has founded his right to relief solely on the assignment to him of the certificate of sale, from which sale, he avers there has been no redemption.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

This is an application for a *mandamus* to compel the defendant, as Sheriff of Sierra County, to execute a deed to the relator, of certain real estate described in the petition. On the 26th of April, 1856, Thomas J. Taylor recovered a judgment in the District Court of Yuba County, against Cutler Arnold, for twelve hundred and two dollars and interest, and on the 2d of September, following, a transcript of this judgment was filed in the office of the Recorder of Sierra County. On the 24th of January, 1857, the defendant, under and by virtue of an execution issued upon said judgment, sold the property in question for one hundred dollars; Taylor himself becoming the purchaser, and receiving the usual certificate of sale. On the 23d of March, 1857, Taylor assigned this certificate to the relator, in consideration of seven hundred dollars. On the 8th of April, 1857, A. J. Rigby recovered a judgment in the District Court of Sierra County against Arnold, for two thousand and seventy dollars, and on the 23d day of July, 1857, paid to the defendant, as Sheriff, etc. the sum of eight hundred and fifty dollars, to redeem the property from the sale to Taylor. This sum being tendered to the relator, he refused to accept it, and subsequently demanded a deed, which he failed to obtain. After the expiration of the period for redemption, the defendant executed a deed of the property to Rigby. On the trial of the case, the relator gave in evidence a deed of the property from Arnold and wife to himself, dated February 23d, 1857, and acknowledged and recorded on the 25th of March, 1857. To avoid the effect of this deed the defendant gave in evidence an instrument, dated March 16, 1857, by which the relator agreed to reconvey the property to Arnold and wife, upon their paying to him, within one year from that date, the sum of eight thousand six hundred dollars, with interest at two and one-half per cent. per month, less the amount which should

be received by him as the rents and profits of the premises during that period. It is expressly declared in this instrument, that it shall only be treated as a contract to convey, and not as an acknowledgment that the conveyance from Arnold and wife was intended as a mortgage.

The first question arising from these facts is, whether Rigby was a redemptioner at the date of his alleged redemption from the sale to Taylor. The right to redeem is given by statute, first, to the judgment debtor, or his successor in interest, and, second, to a creditor having a lien by judgment or mortgage subsequent to that on which the property was sold. (Wood's Dig. 197, Sec. 230.) It is not denied that Rigby was a judgment creditor, but it is claimed that his judgment never became a lien upon the property, and that the proceedings under it were, therefore, ineffectual for any of the purposes of a redemption. The reasons assigned are, that when the judgment was recovered, the title to the property had passed from the judgment debtor and vested in the relator, and that in the hands of the latter the property was not subject to the lien of the judgment, nor to any proceedings affecting the title, the validity of which depended upon such a lien. It is undoubtedly true that the statutory lien of a judgment upon the real estate of the judgment debtor, can attach only upon property in which such debtor has a vested legal interest. This was admitted *arguendo*, in the case of *McMillan* v. *Richards*, (9 Cal. 365,) and we have no doubt of its correctness. It follows, that if the title to the property passed to and vested in the relator, under the deed from Arnold and wife, nothing remained upon which the lien of the judgment subsequently recovered by Rigby could attach, and the proceedings under it to redeem the property were null and void. It is contended, however, that this deed and the contract to reconvey are parts of the same transaction and must be construed together, and that thus construed they amount merely to a mortgage. If this position be correct, the legal estate did not pass to the relator, but remained in Arnold, and the rights of Rigby as a redemptioner under his judgment cannot be questioned. This branch of the case rests upon the construction of these instruments.

The deed is in the usual form of an absolute conveyance, and purports to have been given in consideration of one hundred dol-

lars. The recital in the deed itself is the only evidence of what the consideration really was. The contract refers to the conveyance in general terms, and provides that upon the performance of certain conditions, the property shall be reconveyed. These conditions are, as we have already stated, the payment within a given time, of a certain sum of money with interest at a specified rate, deducting the rents and profits of the premises during the period limited for payment. Both of these instruments were delivered at the same time, but the contract is not under seal, and has never been acknowledged or recorded.

The circumstances in favor of construing this transaction as a mortgage, are the cotemporaneous delivery of the two instruments, and the provisions of the contract in regard to interest, and in relation to rents and profits; and these circumstances are favorable to such a construction only so far as they tend to establish the existence of a debt. A mortgage is a security for a debt, and cannot exist independently of the relation of debtor and creditor between the parties. "If the deed or conveyance be accompanied," says Vice-Chancellor McCoun, in *Robinson* v. *Cropsey,* (2 Edw. 143,) "by a condition or matter of defeasance expressed in the deed, or even contained in a separate instrument, or exist merely in parol, let the consideration for it have been a pre-existing debt, or a present advance of money to the grantor—the only inquiry necessary to be made is, whether the relation of debtor and creditor remains, and a debt still subsists between the parties. For if it does, then the conveyance must be regarded as a security for the payment, and be treated in all respects as a mortgage." The question is, therefore, whether the consideration for this conveyance was a debt, either pre-existing or created at the time, which was not extinguished but still subsisted between the parties. The contract to reconvey does not, in terms, recognize the creation or existence of a debt, nor does it do so by implication, unless the provisions referred to can be construed into such a recognition. We think that this is not the proper construction of these provisions. The contract cannot, of course, be treated as a technical defeasance. It can be regarded only as evidence tending to establish the intention of the parties and the nature of the transaction between them, and for these purposes parol evidence would have been equally admissi-

ble, and entitled to equal consideration. It was as competent for the parties to contract for the payment of interest as for the performance of any other matter embraced in the agreement, and they could as well contract for the rents and profits of the land as for the land itself. If it were shown that the consideration for the conveyance was a pre-existing debt, these provisions would afford very strong evidence that the debt had not been extinguished, and that the conveyance was intended as a mortgage to secure its payment. But no such fact is attempted to be shown. Aside from the papers themselves, there is no evidence that a debt ever existed between the parties. The conveyance is absolute and unconditional, and the provisions of the contract to reconvey are not only entirely consistent with the idea of an independent agreement, but this construction has been given to it in express terms by the parties themselves. We concede, of course, that the parties could not by a mere stipulation, enforce an arbitrary construction of the contract in opposition to the plain import and meaning of its provisions, but their intention, as expressed by themselves, is worthy of some consideration, and if we were really doubtful of the construction, we should be inclined to act upon it as the safest solution of the difficulty.

This case is essentially different from the case of *Hickox* v. *Lowe*, (10 Cal. 197.) There, the consideration for the deed was a precedent debt, the defeasance was under seal, and both instruments were executed and delivered at the same time, and acknowledged and recorded together. If the facts of this case were the same, we should experience no difficulty in arriving at the same conclusion.

The objections to the introduction of the deed were not well taken. It was offered in response to the defense set up, and was clearly admissible without being specially pleaded. The question of merger cannot be determined in this proceeding. The right to a deed is the only matter in controversy, and it is no answer to say that the deed, when obtained, will not be of any value.

It follows that the Court erred in dismissing the application of the relator, and the order to that effect must be reversed, and the cause remanded.

Ordered accordingly.