[No. 19093. Department One. — January 17, 1893.]

# WILLIAM RILEY, APPELLANT, *v.* ROY NANCE, RESPONDENT.

ATTACHMENT — SALE OF LAND BY ATTACHMENT DEBTOR AFTER LEVY — MERGER OF LIEN — BOND FOR STAY OF EXECUTION. — Where land is attached and held under the attachment until judgment in the case, but after the levy of the attachment, and prior to the judgment, the attachment debtor conveys the land to a third party, the attachment lien continues in force, and there is no judgment lien upon the property into which the attachment lien can merge, nor is the attachment lien released or discharged by an undertaking upon appeal to stay execution upon the judgment.

ID. — SALE OF LAND UNDER ATTACHMENT — PRIORITY OVER SUBSEQUENT MORTGAGE BY GRANTEE. — In such case, a sale of the land under execution upon the judgment in the attachment suit vests title in the execution purchaser, which will prevail over title derived by a purchaser at a foreclosure sale under a mortgage given by the grantee of the attachment debtor.

ID. — RELATION — SHERIFF'S DEED OF ATTACHED PROPERTY. — A sheriff's deed, executed in pursuance of an execution sale under a judgment in an attachment suit, takes effect from the date of the attachment, if the levy was such as to create a lien.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*I. Hall*, for Appellant.

*E. C. Brown*, for Respondent.

GAROUTTE, J. — This is an action to quiet title. The case was tried on an agreed statement of facts, as follows: In an action entitled *H.* v. *W. and A.*, commenced May 4, 1888, the land in question, being that of W. and A., was attached and held until judgment in the case, November 12, 1888. May 19, 1888, W. and A. conveyed said land by deed to R. December 10, 1888, W. and A. appealed to this court, giving the undertaking for said appeal and stay of execution. In July, 1889, said judgment was affirmed. September 16, 1889, said land was sold under execution, issued upon such judgment in attachment, to plaintiff's grantors. July 19, 1888, R.

put a mortgage on said land, and respondent claims title to the land as a purchaser at a foreclosure sale thereunder in November, 1889.

The court below held that the attachment lien merged in the judgment lien, and by the giving of the undertaking on appeal to stay execution the attachment lien was released and lost, under section 671 of the Code of Civil Procedure, and that the sale of the land in question under execution upon the attachment judgment gave no title, and that the title of R. must prevail.

Section 671 of the Code of Civil Procedure, in referring to a judgment lien, says: "The lien continues for two years, unless the enforcement of the judgment be stayed on appeal by the execution of a sufficient undertaking, as provided in this code, in which case the lien of the judgment ceases." Owing to the views entertained upon another branch of the case, we do not find it necessary to review the decision in *Bagley* v. *Ward*, 37 Cal. 121, 99 Am. Dec. 256, wherein the doctrine of the merger of an attachment lien into that of a judgment lien is fully discussed, and which decision is adverted to in *Porter* v. *Pico*, 55 Cal. 174. It is sufficient for the purposes of this case to say that no judgment lien existed upon this realty, and that consequently the attachment lien could not possibly have been merged therein. At the time the judgment was rendered in the action wherein the attachment had been issued and levied, the judgment debtor had no interest in the realty whatever. He had conveyed all his title to R. To be sure, it was conveyed subject to the attachment lien, but R. had a complete and perfect title, except as to this lien. The Code of Civil Procedure, sec. 671, provides that from the time the judgment is docketed it becomes a lien upon all the real property of the judgment debtor not exempt from execution in the county, owned by him *at the time*, or which he may afterwards acquire; until the lien ceases. It cannot be said that the judgment debtor owned this realty at the date of the docketing of the judgment. Upon the contrary, he had no interest

in it whatever. He had sold it subject to the attachment lien, and had thus transferred the title to his vendee as fully as though he had sold it subject to a mortgage or mechanic's lien. The fact that an attachment lien was fastened upon the property at the date of sale in no way affected the vendor's ownership. It follows that when the judgment was docketed the title was in a stranger, and there was nothing whatever upon which to create a judgment lien other than the lien of the attachment, and that was wholly insufficient to serve any such purpose.

It was said in *People* v. *Irwin*, 14 Cal. 434: "It is not denied that Rigby was a judgment creditor, but it is claimed that his judgment never became a lien upon the property, and that the proceedings under it were therefore ineffectual for any of the purposes of a redemption. The reasons assigned are, that when the judgment was recovered, the title to the property had passed from the judgment debtor and vested in the relator, and that in the hands of the latter the property was not subject to the lien of the judgment, nor to any proceedings affecting the title, the validity of which depended upon such a lien. It is undoubtedly true that the statutory lien of a judgment upon the real estate of the judgment debtor can attach only upon property in which such debtor has a vested legal interest. This was admitted *arguendo* in the case of *McMillan* v. *Richards*, 9 Cal. 365, 70 Am. Dec. 655, and we have no doubt of its correctness."

A sheriff's deed, executed in pursuance of an execution sale under a judgment in an attachment suit, takes effect from the date of the attachment, if the levy is such as to create a lien. (*Porter* v. *Pico*, 55 Cal. 171.) It follows that appellant's title is anterior to and must prevail over the title obtained under the foreclosure proceedings.

Let the judgment and order be reversed, and the cause remanded, with directions to the trial court to enter a judgment for the plaintiff upon the findings.

PATERSON, J., and HARRISON, J., concurred.

Hearing in Bank denied.

Upon the petition for a hearing in Bank, the following opinion was rendered by Beatty, C. J., on the 17th of February, 1893:—

BEATTY, C. J. — The result of the decision of the Department in this case is to confirm the validity of the title derived under the attachment, and is therefore, in my opinion, correct, but I cannot concur in the reasoning upon which the judgment of reversal is based; and while I do not dissent from the order denying a rehearing, I desire' to state briefly the views which have led me to the same conclusion reached by other members of the court.

The question whether an attachment lien merges in the lien of the judgment or in the lien created by levy of the execution so completely that the filing of a stay bond on appeal will not only release the property from the levy of the execution, and cause the lien of the judgment to "*cease*" (Code Civ. Proc., sec. 671), but will also discharge the attachment lien, cannot, in my opinion, be ignored in this case because the land was conveyed by the attachment debtor before judgment docketed or execution levied. That circumstance appears to me to be wholly immaterial. A debtor cannot convey land subject to attachment so as to exempt it from the judgment lien; and the case of *People* v. *Irwin*, 14 Cal. 434, does not affirm, either in terms or in effect, that he can.

If the law is that the attachment lien merges in the judgment lien when the property is conveyed by the debtor after the docketing of judgment against him, and if the filing of a stay bond on appeal in such case extinguishes the judgment lien without reviving the attachment lien, I do not think a conveyance before judgment docketed would prevent the same effect from following. But in my opinion, the effect of the filing of a stay bond on appeal is to extinguish only the liens

resulting from the judgment and from process thereunder. The sureties .on an appeal bond do not undertake to pay any judgment that may be recovered in the action, but only the judgment appealed from, in case it is affirmed or the appeal dismissed. The security of the appeal bond is therefore no security at all for the judgment that may ultimately be recovered by the plaintiff, after a reversal of the first judgment and an order for a new trial. In such a case, on the assumption that the attachment lien is extinguished by the stay bond on appeal, together with the judgment or execution lien, the creditor would lose the security of his lien by the appeal, and the security of the stay bond by the reversal of the judgment; and if in the mean time the land had been sold by his debtor, would have no security for a judgment afterwards recovered. This being so, and the declared object of the attachment law being to give the creditor security for any judgment that may be recovered (Code Civ. Proc., sec. 537), I do not think it can be held that an attachment lien is discharged by a stay bond on appeal.

There is no express provision of the statute to the effect that the filing of such a bond discharges an attachment lien, and it is only by construction that that result is worked out. It has been decided that the attachment lien merges in the judgment lien, and therefore it is argued that when the judgment lien ceases in consequence of the filing of· the stay bond, the attachment lien must also cease. But in the case relied on (*Bagley* v. *Ward*, 37 Cal. 121, 99 Am. Dec. 256), the effect of the decision is merely that the attachment lien is so far merged in the judgment lien that when the latter expires by lapse of the two years' limitation, the former is also at an end, and this conclusion is based upon the absurdity of supposing that there is no limitation to an attachment lien, and the impossibility of fixing its duration, unless it is held to merge in the judgment lien. It is not at all inconsistent with this reasoning to hold that when, instead of expiring by lapse of time, the judgment lien is extin-

guished by the act of the defendant within the two years, the attachment lien which it superseded is thereby revived, and in order to give effect to the statute, this conclusion is necessary.

Upon these grounds I concur in the judgment.