IN THE MATTER OF THE APPLICATION OF THE TRUSTEES OF MARK ALEXANDER ROBINSON, ET AL., TO REGISTER AND CONFIRM TITLE TO LAND SITUATE AT EWA, CITY AND COUNTY OF HONOLULU, STATE OF HAWAII.

No. 4770.

MAY 13, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE OGATA ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by Hawaii Thrift & Loan, Inc., from a land court order of January 11, 1968, which granted the petition of City Mill Company, Limited, to have issued to it, in place of Transfer Certificate of Title No. 104833 issued to George Toshio Takumoto, a new transfer certificate of title to Lot 185 shown on Map 10 filed with Land Court Application No. 1775 of the Trustees of Mark Alexander Robinson, et al., subject to a mortgage held by American Security Bank, but not to a mortgage held by appellant, which the court cancelled in the same order.

Hereafter, in this opinion, Hawaii Thrift & Loan, Inc., City Mill Company, Limited, and George Toshio Takumoto will be referred to as appellant, appellee, and debtor, respectively.

The facts which may properly be considered on this appeal are those which were before the land court, and taken cognizance by it, prior to the entry of the order. Stated chronologically, they are:

August 17, 1965. Debtor's mortgage on Lot 185 in favor of American Security Bank for $13,750, dated August 13, 1965, was filed as Document No. 368163 and noted on Certificate No. 104833.

June 14, 1966. Debtor's mortgage on the lot in favor of Mortgage Finance & Leasing Corp. for $16,329.25, dated June 13, 1966, was filed as Document No. 393428 and noted on the certificate.

January 26, 1967. Attachment on the lot issued in connection with appellee's action to collect $8,428.41 from debtor, being Civil No. 20988 of the first circuit

court, was filed as Document No. 409413 and noted on the certificate.

March 16, 1967. Judgment for $8,724.91 was entered in Civil No. 20988 against debtor and in favor of appellee.

April 13, 1967. Debtor's mortgage on the lot in favor of appellant for $4,551.45, dated February 17, 1967, was filed as Document No. 413948 and noted on the certificate.

May 17, 1967. Execution on the lot, pursuant to the judgment entered on March 16, 1967, in Civil No. 20988, was filed as Document No. 416617 and noted on the certificate.

May 19 and 26, June 2, 1967. Deputy sheriff published notice of execution of sale of the lot, and another parcel of unregistered land owned by debtor, on June 20, 1967, subject to any and all encumbrances.

June 20, 1967. Deputy sheriff sold the lot to appellee for $1,000, the highest amount bid at the sale.

August 3, 1967. Deputy sheriff's deed, dated July 18, 1967, conveying the lot to appellee, subject to the mortgage held by American Security Bank but omitting any reference to the mortgage held by appellant, was filed as Document No. 423041, together with release of the mortgage held by Mortgage Finance & Leasing Corp., which was filed as Document No. 423040, and both documents were noted on the certificate.

There was also a showing that the assessed value of the lot was $14,653, which made the tax office valuation of fair market value of the lot to be $20,700.

The foregoing statement of facts shows that appellee had attached the lot three weeks before appellant obtained the mortgage from debtor and eleven weeks before the mortgage was filed of record.

The general rule is that the title of a purchaser at an

execution sale of attached property relates back to the date of attachment and is free from any lien created after the attachment. *Riley* v. *Nance,* 97 Cal. 203, 31 P. 1126 (1893) ; *MacGinniss Realty Co.* v. *Hinderager,* 63 Mont. 172, 206 P. 436 (1922) ; *Bank of America Nat. Trust & Savings Ass'n* v. *Hill,* 9 Cal.2d 495, 71 P.2d 258 (1937).

In its presentation to this court, appellant made no mention of the general rule, and contended that the provisions of R.L.H. 1955, §§ 233-43 and 233-48 controlled this case. These statutory provisions are now incorporated in HRS §§ 651-44 and 651-49. The portions thereof pertinent to this case read as follows:

"§ 651-44. Sale; proceeds; return. The officer shall, on the day and at the place set for public sale, unless paid the amount of the judgment, interest, and costs, and his fees and disbursements accrued upon the writ, sell the property advertised to the highest bidder.

\*   \*   \*   \*   \*   \*   \*   \*

"§ 651-49. Only defendant's interest sold. No sale by execution shall operate to convey a greater estate or interest in the property sold, than the defendant in execution had at the time of sale; \* \* \*."

Appellant's contention based on § 651-44 is that the lot was advertised for sale subject to "any and all encumbrances," and a sale free of the mortgage held by it was not a sale of the advertised property; and, its contention based on § 651-49 is that, at the time of the execution sale, the lot was subject to the mortgage held by it, and a sale to appellant, free of that mortgage operated to convey a greater interest in the lot than the interest held by debtor at the time of sale.

These contentions are answered by HRS § 634-64, formerly R.L.H. 1955, § 230-37, which provides: "All after-leases, mortgages, sales, devises, assignments, trusts or

other conveyances of the property, until the dissolution of the process, shall be void in law as against the plaintiff in such cases." HRS § 634-64 relates to attachment of real property, and is, therefore, in pari materia with §§ 651-44 and 651-49. Laws in pari materia are construed together. HRS § 1-16 provides:

"§ 1-16. Laws in pari materia. Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another."

A Tennessee statute similar to ours was construed in *Sharp* v. *Hunter*, 7 Cold. 389 (Tenn. 1870), as nullifying a conveyance made after a levy of attachment. There, the wording of the statute was: "Any sale, transfer, or assignment made after the filing of an attachment bill in Chancery, or after the suing out of an attachment at law, of property mentioned in the bill or attachment, as against the plaintiff, shall be inoperative and void." Commenting on this statute, the United States Supreme Court stated in *Doe* v. *Childress*, 88 U.S. (21 Wall.) 642, 645 (1874):

"The transfer of his real estate by a debtor against whom an attachment has been issued, and before judgment or decree, whether by his own act, or by operation of law, cannot impair or invalidate the title of a purchaser under such decree or judgment. It is evident that unless this is so an attachment suit could never be invoked for the collection of a debt. The debtor need only wait until judgment is about to be entered, then make a conveyance of the property attached, and the virtue of the proceeding is at an end."

A valid attachment is dissolved only if defendant in attachment puts up a bond or recovers a judgment, or the action is discontinued or dismissed. HRS §§ 651-16, 651-17; R.L.H. 1955, §§ 233-16, 233-17.

Here, there was no dissolution of appellee's attachment on any of the grounds stated in the statute. Consequently, the mortgage held by appellant was void. A void mortgage is not an encumbrance at all. The words "any and all encumbrances" in the deputy sheriff's notice of execution sale are to be construed as embracing only such encumbrances as are valid. Also, the mortgage held by appellant being void, conveyance of the lot to appellee free of such mortgage did not operate to convey a greater estate or interest in the property sold than the defendant in execution had at the time of sale.

Appellant advanced other contentions in this court for reversing the order appealed from, but they are without merit because all of them are based on the assumption that the mortgage it held was valid.

Notice of appeal in this case was filed on February 9, 1968. More than three months thereafter, on May 28, 1968, appellant filed in the land court a motion to reopen hearing to admit additional documents in evidence. On June 13, 1968, the court granted the motion, but reaffirmed its order of January 11, 1968. The court's reason for granting the motion was that it felt that "there's hardly anything in the record" to show what appellant would be arguing about on appeal, and appellant was entitled to have the additional documents in the appeal record. The court reaffirmed the order appealed from because the additional documents contained nothing which would require it to change the order.

The granting of appellant's motion to reopen the hearing was a nullity. At the time the motion was granted, the land court was without jurisdiction. The jurisdiction over that case was then in this court. If appellant desired to have the case reopened, the proper procedure would have been to file a motion in this court for leave to move in the land court to reopen and for remand of the case to

that court. *Kealoha* v. *Tanaka*, 42 Haw. 630 (1958). That was not done.

Be that as it may, even if the additional documents had been properly admitted in evidence, they would not warrant reversal of the appealed order. The thrust of those documents was to show that appellee's bid for the lot was grossly inadequate and that to permit appellee to take title thereto free of the mortgage held by appellant would unjustly enrich appellee.

It is to be noted that the question of unjust enrichment was raised not by debtor but by a party whose interest, if any, was that of a junior encumbrancer. A junior encumbrancer has a standing to raise such question only if an adequate bid would have left a surplus after satisfying the senior encumbrances. *Cravens* v. *Wilson*, 48 Tex. 324 (1877).

Here, the facts originally shown to the land court, and the facts in the additional documents offered by appellant, are that the market value of Lot 185 was $20,700, but the lot was subject to two encumbrances senior to the mortgage held by appellant, which totaled $20,069.93, one of such encumbrances being the mortgage held by American Security Bank, the unpaid balance of which was $11,345.01 on the date of the execution sale, and the other being appellee's attachment lien for the amount of the judgment in Civil No. 20988, which was $8,724.92. Before appellant would be entitled to participate in the proceeds of the execution sale, these senior encumbrances, together with the statutory sheriff's fee and expenses had to be paid. If $20,700 had been bid for the lot, the statutory sheriff's fee would have been $530. HRS § 607-8; R.L.H. 1955, § 219-8. There was no showing regarding the cost of publishing the deputy sheriff's notice of execution sale. However, there is no question that the amounts required to pay the two senior encumbrances and the statutory

sheriff's fee and expenses would have exceeded $20,700.

Appellant's position here was similar to that of the bank, and appellee's position to that of the respondent, in *Bank of America Nat. Trust & Savings Ass'n* v. *Hill, supra.* In that case the court stated:

"The equities in the case are entirely with the respondent. His predecessor had a good cause of action entitling him to a writ of attachment. The attachment was duly issued and regularly levied. * * * On the other hand, the record shows that at the time the trust deed was given in favor of the bank, the attachment was a valid lien upon the real property covered by the trust deed. * * * The judgment rendered in the attachment proceedings was for a comparatively small amount, and the bank could have satisfied the same by a payment or tender of this amount. It made no such attempt, but allowed the attached property to be sold under execution. * * * The bank had every opportunity to protect itself from the attachment and also from the judgment subsequently rendered. It failed to avail itself of any of these opportunities but chose to rely upon its chances of defeating the attachment lien and thereby acquire a first lien upon the attached property. In this endeavor, in our opinion, it signally failed."

Affirmed.

*Reuben S. F. Wong* (*Walter G. Chuck* and *Leland H. Spencer* on the briefs, *Chuck & Fujiyama* of counsel) for Hawaii Thrift & Loan, Inc., appellant.

*Leslie W. S. Lum* and *T. Irving Chang* for City Mill Company, Ltd., appellee.