## TAYLOR *v.* McKINNEY.

WHERE by the terms of a contract for the sale of real estate, the vendor retains the title until payment of the purchase money, an assignment of the contract by the vendor, accompanied with a conveyance by him of the legal title to the assignee, vests in the latter the right to enforce against the property the lien of the vendor for the unpaid purchase money.

*Sparks* v. *Hess,* 15 Cal. 186, affirmed.

APPEAL from the Ninth Judicial District.

On the twenty-ninth day of May, 1856, N. A. Townsend and

Taylor v. McKinney.

defendant entered into a contract, whereby Townsend agreed to sell to defendant the undivided one-half of a certain water ditch in Shasta County, for which defendant agreed to pay $5,000 in installments, defendant to have immediate possession, and upon the payment of the purchase money, Townsend to execute to him a conveyance.

On the twenty-second of September, 1858, defendant being in possession, and the purchase money not having been paid, Townsend sold and assigned the contract to the plaintiff, and also executed to him a deed of the property. This action is brought by plaintiff to recover a judgment for the unpaid purchase money, and a decree establishing a lien for the debt upon the property. The plaintiff had judgment in the Court below, and defendant appeals.

*E. Garter*, for Appellant.

A vendor's lien is not assignable, and the plaintiff therefore cannot have a decree in his favor for the sale of this specific property. (*Brush* v. *Kinssley*, 14 Ohio's Rep. 30; Bland's Ch. R. 524; *White* v. *Williams*, 1 Paige, 506; *Briggs* v. *Hill*, Howard's Miss. Rep. 362.)

*R. T. Sprague*, for Respondent.

That Townsend had a lien for the purchase money is settled by the case of *Sparks* v. *Hess*, (15 Cal. 186) and the same case also shows that Townsend was rather in the position of a mortgagee than of a vendor with an equitable lien, and consequently that the security was assignable. In several States, the mere equity of a vendor who has parted with the title is assignable. In Kentucky and Indiana, there is no distinction between a vendor's implied and any express lien as to transferability, and an assignment of the note or bond for the purchase money carries the lien with it. (*King* v. *Collins*, 4 Littell, 289; *Johnson* v. *Gwathney & Co.*, 4 Id. 317; *Eubank* v. *Boston & Co.*, 5 Monroe, 285, 287; *Edwards* v. *Bohamon*, 2 Dana, 98; *Herron's Exr.* v. *Bakewell et al.*, 6 B. Monroe, 67, 71, 72; *Lagon* v. *Bodallet*, 1 Blackford, 417, 419, 420; *Brownsfield* v. *Palmer*, 7 Id. 227, 230.)

In Alabama, the assignment of a note for the purchase money, without recourse, does not transfer the lien. Yet an endorsement

Meeks v. Hahn.

not thus restricted does transfer the lien. (*Roper* v. *McCook and Robertson, Administrator*, 7 Alabama's Rep. 319; *White* v. *Stover et al.*, 10 Id. 441.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action to recover the purchase money of certain real estate, and to enforce a vendor's lien for its payment. It is unnecessary to notice the points raised upon matters of evidence, except to say that there is nothing in them to justify us in disturbing the findings. The case, in other respects, is similar to that of *Sparks* v. *Hess*, (15 Cal. 186) the only difference being that here the contract has been assigned, and it is claimed that the lien of a vendor is not assignable. The vendor not only assigned the contract, but executed to the assignee a conveyance of the property; and there is no doubt that the effect was to vest in the latter all the rights and equities pertaining to the former. The assignee holds the title as security for the payment of the money, and it would be an anomaly in legal proceedings if this security could not be enforced as a lien upon the property.

We cannot revise the order of the Court allowing a replication to be filed after the time limited by the statute.

The judgment is affirmed.