[Sac. No. 102.   Department Two.—October 14, 1896.]

# D. G. KENT ET AL., APPELLANTS, *v.* W. M. WILLIAMS ET AL., RESPONDENTS.

EQUITY—MARSHALING OF ASSETS—CONFLICTING AND EXCLUSIVE LIENS.— If a creditor has a lien upon two different pieces of property, and another has a subsequent lien upon only one of them, equity will marshal the assets, and compel the creditor having the two-fold lien to resort first to the property upon which he has an exclusive lien, where he would not be prejudiced thereby.

ID.—VENDOR AND PURCHASER — CONVEYANCE AS SECURITY — DEED OF TRUST—VENDOR'S LIEN.—Where a vendor contracted for the sale of real property, to be conveyed only upon the full payment of the purchase money, and the purchaser conveyed other land to the vendor as collateral security for the purchase money, upon which land he subsequently executed a deed of trust to a savings bank for money borrowed, the vendor will be compelled first to resort to the enforcement of his lien for the unpaid purchase money against the property sold, before he can resort to the land conveyed as collateral security, to the detriment of the savings bank.

ID.—RESERVATION OF TITLE BY VENDOR—EXPRESS LIEN—WAIVER.—The
lien of a vendor existing by express reservation of the title until the
purchase money is paid, is not an implied, but an express and assignable
lien, and is not waived by taking collateral security on other land for
the unpaid purchase money.

APPEAL from an order of the Superior Court of Fresno
County granting a new trial. E. W. RISLEY, Judge.

The facts are stated in the opinion of the court.

*Frs. E. Spencer*, for Appellants.

This action is maintainable to recover money evidenced by the promissory note, and to foreclose the
lien on the Fresno lands given to secure said indebtedness. (*Samuel* v. *Allen*, 98 Cal. 406; *Bagley* v. *Eaton*, 5
Cal. 497; *Wilcoxson* v. *Stitt*, 65 Cal. 596; 52 Am. Rep.
310; *Rourke* v. *McLaughlin*, 38 Cal. 196; *Barbieri* v.
*Ramelli*, 84 Cal. 176; *Crim* v. *Kessing*, 89 Cal. 487; 23
Am. St. Rep. 491; *Sparks* v. *Hess*, 15 Cal. 186.) If the
lien of Kent and Bruce upon the Merrimac street property is assumed to have been of the character contended
for by respondent, it was waived by taking the specific
security for the payment of the notes given for the purchase price by the mortgage on the Fresno lands.
(*Hunt* v. *Waterman*, 12 Cal. 301; *Baum* v. *Grigsby*, 21
Cal. 175; 81 Am. Dec. 153; *Wells* v. *Harter*, 56 Cal. 342,
344; *Avery* v. *Clark*, 87 Cal. 619; 22 Am. St. Rep. 272;
*Fitzell* v. *Leaky*, 72 Cal. 484.) "Marshaling will not be
enforced if the paramount creditor is materially delayed
or hindered thereby in the collection of his debt, nor
will it be enforced if any part of the paramount debt
remains unsatisfied." (*Kyner* v. *Kyner*, 6 Watts, 221;
*Slater* v. *Breese*, 36 Mich. 77; 1 Story's Equity Jurisprudence, sec. 633; *Woolcocks* v. *Hart*, 1 Paige, 185;
*Gouveneur* v. *Mayor*, 2 Paige, 435; *Brinkerhoff* v. *Marvin*,
5 Johns. Ch. 326; 1 Jones on Mortgages, secs. 729, 1628;
*Herriman* v. *Skillman*, 33 Barb. 384; *Everston* v. *Booth*,
19 Johns. 493; *Ramsey's Appeal*, 2 Watts, 228; Civ. Code,
sec. 2899; *Neff's Appeal*, 9 Watts & S. 42.)

*H. C. Campbell,* and *George A. Nourse,* for Respondent San Francisco Savings Union.

If a mortgagee has other security for his demand, and another creditor has a lien upon one of the funds only, the former must resort, in the first place, to that security upon which no one other than his debtor has any claim; and he must exercise good faith and reasonable diligence, in the enforcement of his rights. (Jones on Mortgages, secs. 725, 1628, and cases cited; *Wright* v. *Nutt,* 1 H. Black. 136, 150; *Swift* v. *Conboy,* 12 Iowa, 444; *Ramsey's Appeal,* 2 Watts, 228; *Fowler* v. *Barksdale,* Harp. Eq. 164; *Terry* v. *Rosell,* 32 Ark. 478; *Warwick* v. *Ely,* 29 N. J. Eq. 82; *Dawes* v. *Cammus,* 32 N. J. 456; *Scott* v. *Webster,* 44 Wis. 185; *Bryant* v. *Stephens,* 58 Ala. 636; *Reynolds* v. *Harris,* 14 Cal. 677; 76 Am. Dec. 459; Story's Equity Jurisprudence, sec. 559, and cases cited.) A vendor who retains the title to the land under contract, has a lien on the land for the purchase money that is in the nature of a mortgage, and is higher and better than a mortgage. (*Merritt* v. *Judd,* 14 Cal. 59, 73; *Sparks* v. *Hess,* 15 Cal. 186–94; *Gouldin* v. *Buckelew,* 4 Cal. 107; *Taylor* v. *McKinney,* 20 Cal. 620; *Ellis* v. *Jeans,* 7 Cal. 409; *Baum* v. *Grigsby,* 21 Cal. 173; 81 Am. Dec. 153; *Hill* v. *Grigsby,* 32 Cal. 55; *Burgess* v. *Fairbanks,* 83 Cal. 215; 17 Am. St. Rep. 230; *Truebody* v. *Jacobson,* 2 Cal. 286; *Willis* v. *Wozencraft,* 22 Cal. 608.)

McFARLAND, J.—Judgment was rendered for plaintiffs, but, on motion of the defendant the San Francisco Savings Union, a new trial was granted. From the order granting a new trial the plaintiffs appealed. The action was brought to foreclose what is alleged to be a mortgage executed by the defendant Williams to the plaintiffs upon certain property in Fresno county. The main facts in the case are these: On the twelfth day of April, 1888, the plaintiffs, being the owners of certain real property in Oakland, Alameda county, made a written contract with defendant Williams, by which they

agreed to sell him said property for the sum of twenty-two thousand five hundred dollars, for which Williams gave them his note, payable on or before April 12, 1891, and plaintiffs agreed to give to said Williams a conveyance of said property upon the payment of the full amount of said note. The said written contract contains this clause: "The said party of the second part [Williams] agrees to deposit with the First National Bank of Oakland, California, a deed in escrow in favor of said parties of the first part, of an undivided one-quarter interest in seventeen hundred and thirty acres, covering the greater portions of sections 21, 28, and 33, in township 13 south, range 23 east, in Fresno county, California, and apply the proceeds of all sales of said land to the payment of said promissory note." Williams paid five hundred dollars upon said note, and by agreement of the parties went into possession of the said property in Oakland, agreeing to pay for the use of the same, sixty dollars a month until the note was paid. He afterward failed to pay any other portion of the note, abandoned possession of the said property in Oakland, and became insolvent. This action is brought to enforce what plaintiffs claim to be a lien on the lands in Fresno county for the payment of said note, without any offer to first enforce any lien which they may have upon said property in Oakland. The said written contract was recorded in Fresno county; and it appears as a fact that the said deed which Williams agreed to execute was executed and deposited with the said First National Bank in escrow, and was afterward delivered by said bank to the plaintiffs. After the recording of said contract, but before the recording of said escrow deed, and on the tenth day of January, 1889, the defendant Williams with others borrowed from the defendant, the San Francisco Savings Union, the sum of sixteen thousand dollars, and, as security therefor, executed to said Savings Union a deed of trust upon certain specifically described lands in Fresno county, which

are claimed by plaintiffs to be a part of the lands agreed to be conveyed to them in said contract between them and Williams.

It does not appear upon what grounds the new trial was granted, but the respondents, in support of said order granting the new trial, contend mainly: 1. That the description of the land contained in said contract is entirely too vague, indefinite, and uncertain to give any constructive notice to a subsequent encumbrancer; and 2. That in any event the plaintiffs, having a lien upon two different pieces of property, to only one of which the lien of the respondent attached, should have resorted first to that upon which they had an exclusive lien, to wit, the property in Oakland. We think that this second position is clearly tenable. The doctrine of the marshaling of assets, under which, if one creditor has a lien on two funds, and another a lien on only one of them, the former must first proceed against that upon which the latter has no lien, is not only fully established by general authority, but is also expressly declared in sections 2899 and 3433 of the Civil Code. The lien which plaintiffs had upon the property in Oakland was not waived by the taking of the collateral security on the land in Fresno. Where the owner of land contracts to sell it, and to give a conveyance upon the payment of the purchase money, and retains the title in himself, he is sometimes spoken of as holding a vendor's lien; and he may proceed to sell the property for the payment of the purchase money in like manner as if he had conveyed the title. But as was said in *Avery v. Clark*, 87 Cal. 625; 22 Am. St. Rep. 272: "Properly speaking, a vendor's lien does not exist until the vendor has parted with his title. So long as he retains the title he cannot be said to have any implied lien upon the land. The security which he has then for the purchase money is created by express reservation, and cannot be impaired by any act of the vendee. This is an express lien existing by virtue of a contract executed between the parties, and is capable of assignment and enforce-

ment by the assignee. (*Taylor* v. *McKinney*, 20 Cal. 618.) Such a lien is open and manifest to the world, and is entirely different from the secret, invisible lien which the law implies in behalf of the vendor when he parts with the title, and which is known only to the parties to the transaction, and those to whom they may communicate the fact. For such a lien equity makes no special provision, but leaves the parties to rely upon the contract which they have executed between themselves." Therefore, in the case at bar, the lien which the plaintiffs reserved on the property in Oakland was not waived by taking the collateral security on the land in Fresno; and the respondent had the clear right to demand that the plaintiffs should first proceed upon their security on said Oakland property. Of course this rule applies only where the holder of a senior security would not be prejudiced by it; but here it would be clearly inequitable to allow the plaintiffs to retain the property in Oakland, and entirely defeat the junior lien of the respondent upon the property in Fresno.

The above view makes it unnecessary, for the purposes at least of the present action and the order appealed from, to consider other points argued by counsel.

The order appealed from is affirmed.

HENSHAW, J., and TEMPLE, J., concurred.