[Sac. No. 1147.  Department One.—October 17, 1903.]

MERCED SECURITY SAVINGS BANK, Respondent, v. JOHN H. SIMON and O. M. OLIVER, Executors, etc., of William W. Gray, Deceased, et al., Defendants; CROCKER-HUFFMAN LAND AND WATER COMPANY, Appellant.

Foreclosure of Mortgage—Subsequent Grant of Right of Way—Releases by Mortgagee after Grant—Mode of Sale—Rights of Grantee.—Where subsequent to the execution of a mortgage the mortgagor granted a right of way over the mortgaged lands to a third party, the mortgagee could not, subsequent to that deed, prejudice the owner of the right of way by releases of other portions of the mortgaged premises; and the grantee has the right upon foreclosure of the mortgage to have it explicitly ordered that that portion of the mortgaged premises not covered by the right of way should be first sold, and that the right of way should only be sold in case of deficiency.

APPEAL from a judgment of the Superior Court of Merced County.  E. N. Rector, Judge.

The facts are stated in the opinion of the court.

James F. Peck, for Appellant.

T. C. Law, for Respondent.

VAN DYKE, J.—This action is against the executors of William W. Gray and others to foreclose a mortgage executed by the said William W. Gray to the plaintiff on certain premises in Merced County. It is alleged in the complaint that certain portions of the mortgaged premises—four tracts in number—have been released from the operation of the mortgage, and the prayer of the complaint is for a sale of the remaining portion of the land. Defendant Crocker-Huffman Land and Water Company filed an answer, in which it is alleged that subsequent to the execution of the mortgage in suit, said William W. Gray, the mortgagor, executed and delivered to said defendant Crocker-Huffman Land and Water Company a deed conveying a right of way over and across certain strips of land, being portions of the land covered by the mortgage, for the use and benefit of a system of canals and ditches maintained and operated by said defendant in Merced County, which deed was properly acknowledged and recorded, and it is alleged in said answer that at all times thereafter said plaintiff had notice and knowledge of the execution and delivery of the same; that subsequent to the execution of said deed of said right of way, and without the consent of the said corporation defendant, the grantee therein, the plaintiff made, executed, and delivered the releases mentioned and specified in the complaint; that about nine tenths of the land described in the right of way in said deed to the said corporation defendant is not included in the lands covered by said releases. The court sustained a demurrer to said answer interposed by the plaintiff, and entered a decree of foreclosure according to the prayer of the complaint. The appeal by the corporation defendant is upon the judgment-roll.

The main contention on the part of the appellant is, that, as a grantee of the mortgagor of the right of way in question, said defendant had the right to have the portion of the mortgaged premises not covered by said right of way first sold, and that the mortgagee, the plaintiff herein, could not, subsequent to the date of the defendant's deed, release portions of said mortgaged premises so as to prejudice the right of the said defendant, the appellant herein. In this contention the appellant is clearly right, and is supported by authorities. (Civ. Code, secs. 2899, 3433; *Kent* v. *Williams,* 114 Cal. 537;

*Woodward* v. *Brown,* 119 Cal. 283.[1])   It is true, as claimed by
the respondent, that under the decree as rendered the com-
missioner appointed by the court to make the sale might pro-
ceed to sell in portions instead of as a whole, reserving the
portion claimed by appellant, and only sell that if the other
portions did not sell for sufficient to satisfy the claim.   But
this right might be disputed, or the sale might under the de-
cree be for the whole of the premises in gross.   At any rate,
the appellant was entitled to have it clearly expressed in the
decree so it would be put beyond dispute or question.   The
answer stated facts sufficient to warrant the court in framing
its decree so as to protect the appellant in case the remainder
of the property covered by the mortgage should be sufficient
to discharge the debt secured thereby to the plaintiff.

For the reasons stated the decree of foreclosure and sale
should be so modified that the mortgaged premises, other than
the right of way in question, or so much thereof as may be
necessary to satisfy plaintiff's judgment, should be first sold,
and that said right of way should be sold only in case the
other portions of the mortgaged premises do not sell for a
sum sufficient to satisfy plaintiff's judgment with interest and
costs; and it is so ordered.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.