[Civ. No. 2320.   Third Appellate District.—September 14, 1921.]

W. T. BELIEU, Respondent, v. NEWT POWER, as Sheriff, etc., et al., Appellants.

[1] JUDGMENTS—EQUITABLE INTEREST OF VENDEE UNDER CONTRACT OF SALE—ABSENCE OF LIEN.—A judgment lien does not attach to the equitable interest on real property acquired by a vendee under an ordinary contract to purchase, the vendee having paid a portion of the price and entered into possession, since only real property owned by the debtor at the time of docketing and real property that he may afterward acquire are subject to the lien of a judgment, although any interest in real property, legal or equitable, may be seized and sold under execution.

APPEAL from a judgment of the Superior Court of Glenn County. Wm. M. Finch, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. Estates and interests affected by judgment lien, notes, 93 Am. Dec. 345; 117 Am. St. Rep. 776.

George R. Freeman for Appellants.

W. T. Belieu for Respondent.

PREWETT, P. J., *pro tem.*—This appeal involves the single question whether a judgment lien attaches to the equitable interest in real property acquired by a vendee under an ordinary contract to purchase the property—the vendee having paid a portion of the purchase price and entered into possession. A statement in chronological order of the facts upon which the controversy depends will aid in its solution. They are:

(a) On March 29, 1916, a money judgment was regularly docketed against the property of the respondent, Belieu.

(b) On December 21, 1918, the respondent entered into a contract with the owner to purchase the real property in question. He at once entered into possession and paid one-half the agreed purchase price.

(c) On April 2, 1919, the respondent filed a declaration of homestead in all respects sufficient in form to effect a valid dedication of the premises as a homestead.

(d) On May 15, 1919, the respondent paid the remaining one-half of the purchase price and received a deed of conveyance in satisfaction of the terms of his contract of purchase.

(e) On October 4, 1919, the appellants caused a writ of execution to be levied upon the property thus dedicated as a homestead and were about to expose it for sale when this action was commenced to restrain them from so doing. The levy was made under the claim that the property became and remained subject to the lien of the judgment of March 29, 1916.

Upon this state of facts, the trial court enjoined the sheriff from proceeding further with the sale and held, in effect, that, although the equitable estate acquired by the respondent coupled with his possession was sufficient to entitle him to dedicate the property as a homestead, it was insufficient to render the property subject to the lien of a judgment. The conclusion of the trial court that such equitable estate was sufficient to sustain the claim of homestead is not open to question. (*Bell* v. *Wilson*, 172 Cal. 123, [155 Pac. 625], and numerous authorities there cited.)

The same cases sustain the contention of the respondent that every addition to his title feeds the homestead right. These cases render this contention so clear that an extended examination of the point would be superfluous.

The judgment was docketed before, and the homestead declaration was filed after the date of the contract of purchase. It becomes necessary, therefore, to inquire whether the inchoate right acquired by the respondent under his contract of purchase constituted such ownership of real property as rendered it subject to the lien of the judgment. It is clear, and is perhaps conceded, that property must be "owned" by the judgment debtor before any lien can attach. It is not, by any means, every interest in property to which the lien of a judgment will attach, nor will it, in fact, attach to every species of property. The lien is not even a uniform consequence of the fact that a contract lien upon the property may be protected by the recording laws, as in the case of various classes of personal property; nor that the property may be taken under execution issued upon the judgment, as is seen in the case of personal property of every class. The whole matter is statutory. If it were purely a question of logic, it might be inquired why, if the lien of a chattel mortgage is, under certain conditions, protected by the recording laws, the lien of a judgment against the same classes of property should not, in like manner, be protected. Or, if certain inchoate interests in real property may be seized on execution, why they should not be subject to a judgment lien. But a judgment lien is wholly a matter of statutory regulation. In *Boggs* v. *Dunn*, 160 Cal. 283, [116 Pac. 743], Angellotti, afterward Chief Justice, speaking for the court, says: "The lien of a judgment is purely the creature of the statute, no such lien having existed at common law," and in support of the text cites other California cases.

An examination of the authorities discloses a vast difference in the classes of property and interests therein that will support judgment liens, homesteads, and levies under execution. Section 671 of the Code of Civil Procedure provides that a docketed judgment becomes a lien upon "all the real property of the judgment debtor not exempt from execution in the county owned by him at the time or which he may afterward acquire." Property interests of any and

every kind, whether real or personal, and every interest therein are subject to seizure under attachment or levy on execution, unless exempt from execution. (Secs. 542 and 688, Code Civ. Proc.) While many classes of property may be taken on execution, only two classes are subject to the lien of a judgment—real property owned by the debtor at the time of docketing and real property that he may afterward acquire. While any interest in real property, legal or equitable, may be seized and sold under execution, only real property actually owned by the judgment debtor will support a judgment lien. That a mere equitable interest in real property acquired under a contract of purchase and sale is not such ownership as is contemplated by section 671 was clearly decided in the early history of the state. The case of *People* v. *Irwin,* 14 Cal. 428, was a case identical in all essential respects with the one involved in this appeal. An attempt was made to assert a judgment lien against the interest of a vendee under a contract substantially similar to the one now before the court. The court, in that case, says: "It is undoubtedly true that the statutory lien of a judgment upon real estate of the judgment debtor cannot be attached unless upon property in which the debtor has a vested interest." The Irwin case has been cited a number of times in later decisions and, if sound, conclusively disposes of the present appeal adversely to the contentions of appellants.

In *Riley* v. *Nance,* 97 Cal. 203, [31 Pac. 1126, 32 Pac. 315], the court cited the Irwin case with approval and made quotations therefrom; *Zenda Mining Co.* v. *Tiffin,* 11 Cal. App. 62, [104 Pac. 10], refers to the Irwin case with approval.

"We have already noted that a docketed judgment cannot become a lien on after-acquired property of the judgment debtor until the property is actually acquired by him." (*Hertweck* v. *Fearon,* 180 Cal. 71, [179 Pac. 190].)

"A judgment only becomes a lien upon real property owned by the judgment debtor at the time of docketing the judgment, or afterward and before the expiration of lien acquired." (*Wolfe* v. *Langford,* 14 Cal. App. 359, [112 Pac. 203].)

In *Summerville* v. *Stockton Co.,* 142 Cal. 529, [76 Pac. 243], it is held that an estate for years is not such an

interest in real property as is subject to a judgment lien. The importance of this authority is appreciated when it is recalled that an estate for years is an interest in real property and is subject to execution.

In Nebraska it is provided by statute that "the lands and tenements of the judgment debtor within the county where the judgment is entered shall be bound for the satisfaction thereof." This is substantially our own statute on the subject. The courts of that state have repeatedly held that a judgment is not a lien upon mere equitable interests in real estate (*Flint* v. *Shaloupka,* 72 Neb. 34, [117 Am. St. Rep. 771, 99 N. W. 825]; *Nessler* v. *Neher,* 18 Neb. 649, [26 N. W. 471]; *Woolworth* v. *Parker,* 57 Neb. 417, [77 N. W. 1090]).

The state of Oregon provides by statute that "all property, including franchises or rights or interests therein etc.," shall be liable to execution. The court in construing this statute in *Pogue* v. *Simon,* 47 Or. 6, [114 Am. St. Rep. 903, 8 Ann. Cas. 474, 81 Pac. 566], holds that a judgment is not a lien upon mere equitable interests in real property in that state and cites a number of cases in support of its conclusions. The court, in discussing the characteristics of an equitable title, says: "An equitable title is a right or interest in land, which, not having the properties of a legal estate, but merely a right of which courts of equity will take notice, requires the aid of such a court to make it available."

In *Bourn* v. *Robinson,* 49 Tex. Civ. 157, [107 S. W. 874], a Texas case, the court says: "The term 'real estate' within the statute (making all the real estate of the judgment debtor subject to the lien of a judgment) means a freehold—which is either an estate for life or fee simple, and not a mere chattel interest in land nor a simple contract right to perform conditions."

The text-writers sustain the same doctrine. In Pomeroy's Equity, fourth edition, section 367, we read: "What is the effect at law of a contract whereby the owner agrees to sell and convey a designated tract of land, but which is not a true conveyance operating as a present transfer of the legal estate and the legal seizin? It is wholly, in every particular, executory and produces no effect upon the respective estates and titles of the parties and creates

no interest in nor lien or charge upon the land itself. . . . On the other hand the vendee acquires no interest nor property right whatever; he can maintain no proprietary nor possessory action for its recovery; his right is a mere thing in action to recover compensation in damages for a breach from the vendor, and his duty is a debt—an obligation to pay a stipulated price; on his death, both his right and his duty pass to his personal representatives and not to his heirs. In short, the vendee obtains at law no real property nor interest in real property. The relation between the two contracting parties is wholly personal. No change is made until, by the execution and delivery of the deed, the estate in the land passes to the vendee. . . . '' It is quite true that that learned author in section 105 of the same work says: ''The vendee is looked upon and treated as the owner of the land and an equitable estate has vested in him commensurate with that provided for by the contract, whether in fee, for life, or for years etc.'' He announces a similar doctrine in other parts of his work; but in enunciating these principles, he is dealing with the rights of a vendee in courts of equity. It is an established doctrine of equity, disputed by no one, that a court will, for the purpose of administering equitable relief, treat the purchaser under a valid contract of purchase, as the legal owner of the property, but this is far from saying that he is vested with a legal title such as would be recognized at law.

None of the California cases cited by appellants are in point. They rely with much confidence upon the case of *Fish* v. *Fowlie*, 58 Cal. 373. But that case deals only with the estates or interests in real property that are subject to levy on execution, and we have already noted that the statutes relating to the two matters are quite unlike. Real property ''or any interest therein'' may be seized on execution, while only real property owned by the judgment debtor at the time is subject to a judgment lien. No more does the case of *Leese* v. *Clark*, 20 Cal. 387, aid the appellants. In that case the court was construing the rights of citizens under the provisions of the Treaty of Guadalupe Hidalgo, which stipulated that the property of the inhabitants of the newly acquired territory should be protected. In this connection, the court held that the word ''property'' as applied to lands embraces all titles,

legal or equitable, perfect or imperfect. While the case is authority in the connection in which it arose, it is not applicable to the case in hand. The case of *Martinovich* v. *Mariscano,* 137 Cal. 354, [70 Pac. 459], has no application to equitable estates. In that case the court held that the title which descends to a widow in probate proceedings constitutes ownership in her within the meaning of section 671, *supra.* No question as to inchoate or equitable titles arose in that case and none was decided.

The citations from other jurisdictions to which appellants direct our attention are, for the most part, singularly inapt. We find no case among them that sustains their position. The few which, at first glance, might seem to help them are found on examination to be cases where statutory provisions impose a judgment lien upon equitable interests. In Ohio, for instance, the courts held, since the amendment to section 11,655 of their General Code, that the interest of the vendee under a contract to purchase land is bound by the lien of a judgment—but they have placed their conclusions squarely upon the amendment to said action. (*First Nat. Bank* v. *Logue,* 89 Ohio St. 288, [L. R. A. 1915B, 340, 106 N. E. 21].)

Prior to the amendment, it had often been held that no such lien existed.

In the state of Georgia, it is held that such lien exists, but in that state it is expressly provided by statute that the judgment "shall bind all property of the defendant" (*Stewart* v. *Berry,* 84 Ga. 177, [10 S. E. 601].) A similar statute prevails in Iowa, hence the citations from that state are not in point.

*Hook* v. *Northwest Thresher Co.,* 91 Minn. 482, [98 N. W. 463], is cited by appellants, but it is held in that case that the words "real property" are qualified by the statute which provides that the lien shall cover "all rights thereto and interests therein."

[1] We find no authority inconsistent with the conclusions of our supreme court in *People ex rel.* v. *Irwin, supra.* That case seems never to have been overruled or doubted, and it must be accepted as a correct exposition of the law upon the subject.

It may be added that we discover no anomaly in the rule which requires different measures of title to support levies

on execution, the liens of judgments, and homestead dedications. If such anomaly should be found, it may be answered that the legislature has seen fit so to provide.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1921.

All the Justices concurred.