[Civ. No. 3975.   Second Appellate District, Division One.—February 5, 1923.]

R. W. POINDEXTER et al., Respondents, v. LOS AN-GELES STONE COMPANY (a Corporation), et al., Appellants.

[1] JUDGMENTS—LIEN—LEGAL INTERESTS IN REAL PROPERTY.—Legal interests in real property are alone affected by the lien of a judgment under section 671 of the Code of Civil Procedure, and therefore no lien is created against the interest of a *cestui que trust.*

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Affirmed.

The facts are stated in the opinion of the court.

Newlin & Ashburn, Charles L. Chandler and J. W. McKinley for Appellants.

W. C. Petchner for Respondents.

JAMES, J.—Plaintiffs secured judgment quieting title to certain real property. The appeal taken by defendants presents the question as to whether a judgment of a superior court, when duly docketed, creates a lien against the interest of a *cestui que trust* in real property.

In 1916 plaintiffs were the record owners of the property, holding, under the terms of the conveyance to them, the whole title as joint tenants with right of survivorship. As a matter of fact, one Corbaley and one Emerson were owners of certain undivided interests in the property, which interests were described in an unrecorded trust agreement executed by all of the persons concerned. It was under the terms of this agreement that plaintiffs here became trustees for Corbaley and Emerson, with the necessary result that the legal title rested in plaintiffs, while Emerson and Corbaley possessed equitable interests in the proportions which were described in the trust agreement. Three judgments were obtained against Corbaley by the defendants, or assignors of certain of them, late in the year 1916. In 1917 the plaintiffs Poindexter brought suit on a promissory note owing them by Corbaley and obtained judgment. Acting under their direction, the sheriff made a levy, first by attachment and later under writ of execution, upon the interest of Corbaley in the real property, and made sale of that interest to plaintiffs, who in due time received a sheriff's deed.

[1] Appellants contend that liens of their judgments attached to the interest of Corbaley in the property immediately upon the judgments being docketed, and that the attachment, and sale made under the judgment subsequently obtained by the plaintiffs, were subject to the liens of respondents' judgments. If the lien of a judgment attaches to equitable as well as legal interests in real property, then appellants are right in their contention. Section 671 of the Code of Civil Procedure provides that at the time a judgment rendered by the superior court is docketed "it becomes a lien upon all of the real property of the judgment debtor not exempt from execution in the county, owned by him at

the time, or which he may afterward acquire, until the lien ceases." Interests of an equitable nature are generally held not to be affected by the lien of a judgment. (2 Reeves on Real Property, p. 1572; 2 Tiffany on Real Property, sec. 570, p. 1308; 1 Black on Judgments, 2d ed., sec. 433, p. 674.) It is true that execution may be levied against equitable as well as legal interests in real property—this because the statute relating to executions expressly provides that a sale may be made of both real and personal property "or any interest therein" not exempt by law. The case of *Belieu* v. *Power*, 54 Cal. App. 244 [201 Pac. 620], reviews the authorities and announces a conclusion which we think sustains plaintiffs' position. The supreme court denied a rehearing in that case; hence the decision may be considered as authority. Irrespective of the contrary holding in a few other states, our own decisions indicate that the construction adopted by our courts of the language used in section 671 of the Code of Civil Procedure requires that legal interests only in real property be considered as affected by a judgment lien.

Having disposed of the main law question on its merits, we need not examine the argument of respondents that, by reason of the lapse of time fixed by the code as measuring the life of a judgment lien, the question has become moot and not possessed of remaining interest.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.