[Civ. No. 5589.   Third Appellate District.—December 2, 1937.]

G. E. OAKS et al., Appellants, v. THOMAS R. KENDALL et al., Defendants; EVELYN ERWIN, Respondent.

L. C. Smith, S. Victor Wagler and Alfred E. Frazier for Appellants.

Carr & Kennedy for Respondent.

THE COURT.—A rehearing was granted in this case to further consider the question as to whether a conditional judgment which was previously rendered in an ejectment suit between these plaintiffs, G. E. Oaks and wife, as vendors of the real property involved in this action, and Thomas R. Kendall and wife, defendants herein, as conditional vendees of that property, estops the vendors from now asserting title

to the property free from a subsequent asserted judgment lien thereon in favor of Evelyn Erwin, who was a stranger to the original transaction and suit. On rehearing it is strenuously asserted the first-mentioned judgment is *res judicata* and a bar to the vendors' claim of clear title in this suit.

After reconsideration we are convinced that our former opinion correctly determined the law as applied to the record in this case. Our former opinion is therefore adopted as modified by further explanation regarding the asserted bar of the former judgment, as follows:

The plaintiffs have appealed from a judgment which was rendered in a suit to quiet title to real property. The decree quieted title in plaintiffs subject to a lien thereon to secure the payment of a former judgment which was rendered in another suit in favor of Evelyn Brown Erwin, who is a co-defendant and cross-complainant in this action. It is contended the court erred in quieting title to the real property *subject to the lien* to secure the payment of the former judgment for the reason that the judgment debtor in the former action held only an equitable title to the property under a conditional sales contract to purchase the land, which equitable interest under the provisions of section 674 of the Code of Civil Procedure is not subject to a judgment lien.

This is a suit to quiet title to certain real property in Shasta County which was previously sold on an executory contract to Thomas R. Kendall and wife. Evelyn Erwin, formerly Evelyn Brown, who is a party defendant, filed an answer to the complaint, denying the material allegations thereof. She also filed a cross-complaint setting up the judgment of $853 which she secured against Thomas R. Kendall and claiming a lien upon the real property which is involved in this suit to secure the payment of her judgment. Mr. and Mrs. Kendall failed to appear or answer in this action and their default was duly entered. Upon trial of this cause the judgment and proceedings in the ejectment suit between Oaks and Kendall, and the judgment in the suit between Evelyn Brown Erwin and Kendall were received in evidence. The court adopted findings to the effect that plaintiffs are the owners and entitled to possession of the real property as against Mr. and Mrs. Kendall, subject, however, to a lien thereon to secure the payment of the former judgment against Kendall and in favor of the cross-complainant Evelyn Brown

Erwin, in the sum of $853 and interest thereon at the rate of 7 per cent per annum from March 28, 1930. Judgment was accordingly rendered quieting title to the property in plaintiffs, "subject, however, to the lien of the judgment recovered by the defendant Evelyn Erwin against the defendant Thomas R. Kendall in the action entitled '*Evelyn Brown, plaintiff*, vs. *Thomas R. Kendall et al., defendants*', numbered 7553, in the files of this court, which lien is hereinafter described and decreed".

It is asserted the findings and judgment are not supported by the evidence, since it appears without conflict that plaintiffs are the owners of the land in question and that Thomas R. Kendall and wife merely held a conditional contract to purchase the land which they forfeited for nonpayment of the agreed purchase price thereof, and that they held a mere equitable title which is not subject to lien under the California statute.

The evidence is uncontradicted. The plaintiffs are the owners of the land in question. July 19, 1923, they executed an agreement to sell a portion of the land to the defendants, Thomas R. Kendall and wife, upon specified terms and conditions. The title to the land never passed to the purchasers thereof, but pursuant to the conditional contract of sale, the Kendalls took and retained possession of the property. The Kendalls were in default with respect to certain payments under the contract, and these plaintiffs previously brought a suit of ejectment against them. The Kendalls appeared in that suit and denied the allegations of the complaint, and also filed a cross-complaint therein, claiming damages in a specified sum against the vendors for trespass and praying that the plaintiffs be required to execute and deliver to them a deed of conveyance to the property subject to the payment of the balance of the purchase price of the land. The court found that the Kendalls were entitled to damages in the sum of $1625, and that the unpaid balance of the purchase price of the land then amounted to the additional sum of $1506.33. Judgment was thereupon rendered in that suit denying plaintiffs' prayer for ejectment and directing that they execute and deliver to the Kendalls a good and sufficient deed of conveyance to the real property subject to payment of the balance of the purchase price thereof. No appeal was taken from that judgment and it became final. A deed of convey-

ance of the property was executed and tendered, but the balance of the purchase price was not paid, and the title to the property never passed to the Kendalls.

In March, 1930, the defendant in this suit, Evelyn Brown, now Evelyn Erwin, recovered judgment in another suit against Thomas R. Kendall for the sum of $853. These plaintiffs were not parties to that action. It was brought to recover the value of an automobile which Evelyn Brown earned pursuant to an agreement with Kendall, as a prize for securing the largest subscription list to a Redding newspaper which he then owned and operated. That judgment also became final. An abstract of that judgment was recorded under section 674 of the Code of Civil Procedure. It is contended the judgment in that suit vested a lien in favor of Evelyn Erwin upon the equitable interest in the land which was then held by Kendall and his wife under the conditional contract to purchase the land. Execution was issued in that case and returned unsatisfied. There was no effort to sell the equitable interest in the land to satisfy the judgment.

█ The findings and judgment in this case to the effect that the respondent, Evelyn Brown Erwin, is entitled to a lien upon the land which is involved in this suit to secure the payment of a judgment which she formerly recovered against Thomas R. Kendall, and quieting title to the land in plaintiffs *subject to that lien,* is not supported by the evidence. That judgment is clearly contrary to the law. █ The mere equitable interest in real property which is acquired under a conditional sales contract to purchase land, is not such ownership of real property contemplated by the provisions of section 674 of the Code of Civil Procedure, as will vest a lien thereon to secure the payment of a judgment held by a stranger to the contract. (*Belieu* v. *Power,* 54 Cal. App. 244 [201 Pac. 620] ; *Poindexter* v. *Los Angeles Stone Co.,* 60 Cal. App. 686 [214 Pac. 241] ; *People* v. *Irwin,* 14 Cal. 428; 34 C. J. 593, sec. 909; 2 Freeman on Judgments, 5th ed., 1970, sec. 937; 3 Tiffany on Real Property, 2d ed., 2782, sec. 670.)

It is true that specific statutes in some other jurisdictions provide that judgment liens may attach to both legal and equitable titles to real property. Section 674, formerly 671, of the Code of Civil Procedure, which provides that "An abstract of the judgment or decree of any court of this state, . . . may be recorded with the recorder of any county

and from such recording the judgment or decree becomes a lien upon all the real property of the judgment debtor, not exempt from execution, in such county, *owned by him* at the time, or which he may afterwards and before the lien expires, acquire," has been repeatedly construed to limit the vesting of such lien to legal titles to real property to the exclusion of equitable interests therein. In 3 Tiffany on Real Property, *supra,* it is said:

"The equitable interest of the vendee of land who has not yet received a conveyance is obviously not subject to the lien in those states in which no equitable interests are so subject."

In 2 Freeman on Judgments, *supra,* it is said in that regard:

"At common law a judgment lien did not attach to a mere equity, though the equity was accompanied by possession. This rule of the common law prevails in several of the United States, and is generally applied, in the absence of any statute undoubtedly creating a different rule. Thus though a statute provided that a judgment should 'be a lien on all real property of the judgment debtor, not exempt from execution, owned by him in the county at the time of docketing', it was held not to make a judgment a lien on the equitable title of the defendant."

In accordance with the rule last announced the Belieu case, *supra,* in which a hearing by the Supreme Court was denied, specifically determined that a judgment does not attach to the equitable interest in real property acquired by a vendee under a contract to purchase the land, where a part of the purchase price, only, has been paid. It is there said:

"While many classes of property may be taken on execution, only two classes are subject to lien of a judgment—real property owned by the debtor at the time of docketing and real property that he may afterward acquire. While any interest in real property, legal or equitable, may be seized and held under execution, only real property actually owned by the judgment debtor will support a judgment lien. That a mere equitable interest in real property acquired under a contract of purchase and sale is not such ownership as is contemplated by section 671 [now 674] was clearly decided in the early history of the state. . . . "

Moreover, the plaintiffs held an express lien on the land by virtue of the contract to sell the real property to

secure the payment to them of the unpaid portion of the purchase price of the land (sec. 3046, Civ. Code; 25 Cal. Jur. 739, secs. 208 and 209), which was prior and superior to any subsequent lien which might be acquired by a judgment creditor of the vendee of the property. (66 C. J. 1245, sec. 1130; 27 R. C. L. 477, sec. 192.) In 66 Corpus Juris, *supra*, it is said:

"The vendor's lien is superior to the rights of all persons, except *bona fide* purchasers for a valuable consideration without notice, . . . It takes precedence over claims . . . and liens of judgment and attachment creditors of the purchaser, and purchasers at execution sale."

In 27 Ruling Case Law, *supra*, it is said:

"The judgment or execution lien extends only to the interest of the purchaser and is inferior to the claim of the vendor for the purchase money, and likewise the purchaser at the execution sale will take subject to the rights of the vendor."

The respondent, Erwin, contends that Mr. and Mrs. Oaks have no vendor's lien upon the land in question to secure the unpaid portion of the purchase price thereof for the reason that they executed a mere contract to sell the land to the Kendalls, and the legal title remained in the vendors. In support of that assertion the case of *Allen* v. *Wilson*, 178 Cal. 674 [174 Pac. 661], is cited. All that case determines is that under the circumstances which were involved a mechanic's lien vested pursuant to section 1192 of the Code of Civil Procedure in favor of the contractor to compensate him for the materials and labor supplied in constructing a building on the premises *with the knowledge of the owner*. In that case it appears that Wilson owned a lot upon which there were three small houses. He gave one Barrett a contract to sell him the land for a specified price payable in instalments. No deed of conveyance was executed. Barrett took possession of the property and hired Allen to wreck the three houses and construct a new dwelling house thereon. This was done *with the knowledge of Wilson, the owner*, as the court specifically found. Allen completed the structure but Barrett failed to pay him for the labor and materials supplied. The contractor brought suit, under the provisions of sections 1183 and 1192 of the Code of Civil Procedure to foreclose the mechanic's lien. Under such circumstances the contractor

clearly held a statutory mechanic's lien which was superior to the owner's lien to secure the unpaid portion of the purchase price of his land. Section 1192 of the Code of Civil Procedure specifically so declares. That building was constructed with the knowledge of Wilson and it was therefore deemed to have been done at his instance. This was equivalent to a waiver of his vendor's lien. The Allen case says in that regard:

"While it is true that *for some purposes* under a contract of sale of land the vendee is treated as the owner of the land *and the vendor as having but a lien upon it as security for the unpaid portion of the purchase money, this rule has no application so as to defeat the assertion of a lien under the mechanic's lien law of this state.*"

It is true that the Allen case further states that having merely sold the land to Barrett on contract, Wilson did not hold a vendor's lien since he retained the legal title to the land. Under such circumstances the owner does not retain what is technically termed a vendor's lien. But he does retain an absolute right to hold the property as security for the payment of the purchase money according to the express terms of the contract. It has been accurately said that the owner then holds an *express lien created by the terms of the contract* which may not be impaired by any subsequent act or default of the vendee. (*Kent* v. *Williams,* 114 Cal. 537 [46 Pac. 462].) Numerous California authorities support that construction of the law. In 25 California Jurisprudence, page 762, section 230, the author has said in that regard:

"In the ordinary executory contract for the sale of real property the vendor retains title *as security for the payment of the purchase money* and as trustee for the purchaser, who has only an equitable estate in the land. The position of the vendor is similar in some respects to that of a mortgagee. He has no greater rights than he would possess if he had conveyed the land and taken back a mortgage for unpaid purchase money, or than is held by a mortgagee who takes for his security a conveyance absolute in form instead of a formal mortgage, *except that he is not restricted to a remedy by foreclosure. A vendor is frequently said to have a lien on the property so long as he retains title,* though properly speaking he has no lien, nor any need of one, since he has the complete legal title which he holds as a pledge for pay-

ment of the purchase money." (*Kent* v. *Williams*, 114 Cal. 537, 541 [46 Pac. 462].)

Numerous other cases are cited in support of the above-quoted text. The Kent case, last cited, says in that regard:

"Where the owner of land contracts to sell it, and to give a conveyance upon the payment of the purchase money, and retains the title in himself, he is sometimes spoken of as holding a vendor's lien; and he may proceed to sell the property for the payment of the purchase money in like manner as if he had conveyed the title. But it was said in *Avery* v. *Clark*, 87 Cal. 619, 625 [25 Pac. 919, 22 Am. St. Rep. 272]: 'Properly speaking, a vendor's lien does not exist until the vendor has parted with his title. So long as he retains the title he cannot be said to have any *implied* lien upon the land. *The security which he has then for the purchase money is created by express reservation, and cannot be impaired by any act of the vendee. This is an express lien existing by virtue of a contract, executed between the parties,* . . . Such a lien is open and manifest to the world, . . . For such a lien equity makes no special provision, but leaves the parties to rely upon the contract which they have executed between themselves.' "

In accordance with the preceding declaration of law, as between the parties to the contract, the owner of the land is authorized to sell the property pursuant to law to satisfy his claim for the unpaid portion of the purchase price, or, for default of payments under the contract, he may terminate the agreement in a proper proceeding and quiet title to the land in himself. The latter remedy is precisely what the owners of the property sought to accomplish in the present action.

■ Since the vendees, Mr. and Mrs. Kendall, took no more than an equitable title to the land under the contract of sale, their judgment creditor, Evelyn Erwin, acquired no lien on the property which will defeat the prior rights of the owners, as we have previously pointed out. It necessarily follows that since the subsequent judgment of Evelyn Erwin, which was rendered against the vendees of the land, created no lien thereon, for the reason that they held merely an equitable title thereto, the deed which was tendered by Mr. and Mrs. Oaks to the Kendalls pursuant to the decree which was rendered in the ejectment action constituted an offer to convey good and merchantable title to the property. It is

not asserted there was any cloud on the title except the judgment lien claimed to have been held by Evelyn Erwin. The question as to whether title to land is merchantable is essentially one of law. The finding of the court in the present action, to the effect that the deed which was tendered to Mr. and Mrs. Kendall did not convey a merchantable title to the land, is therefore not supported by the evidence. There is no evidence in the record to warrant that finding. Erwin held no lien upon that land. The title was therefore good and merchantable.

The court also specifically found in this suit that the Kendalls are still indebted to the vendors for the purchase price of the land in an unpaid sum amounting to $1506.33. It is not denied that when the deed was tendered the Kendalls failed and refused to pay appellants any portion of the deferred purchase money. No part of it has yet been paid. It is still due and owing. Legal title to the land never vested in the Kendalls. The decree which was rendered in the ejectment case merely declares that the appellants shall tender to the Kendalls a good and sufficient deed of conveyance within a specified time, whereupon the vendees shall pay to Mr. and Mrs. Oaks the sum of $1506.33, *"to cover the balance due plaintiffs on the purchase price of said property"*, and upon failure to so tender the deed, title shall then vest in the Kendalls. The appellants complied with that mandate of the decree by tendering a good and sufficient deed within the time prescribed in the decree, but the Kendalls failed to pay the ascertained balance of the purchase price of the land. It follows that title to the land therefore did not pass by that decree to the Kendalls, but still remains in plaintiffs who are entitled to judgment terminating the contract for breach thereof, and quieting title in them.

The briefs on appeal contain much controversy over the question as to whether the trial court has correctly construed the provisions of the judgment in the former ejectment case of *Oaks* v. *Kendall*. The decree in this case does provide that "The judgment for the sum of $1625.00 awarded to the defendant, Thomas R. Kendall, against the Plaintiff, G. E. Oaks, by the judgment in the action entitled '*G. E. Oaks, plaintiff*, vs. *Thomas R. Kendall, defendant*', numbered 7641, was a separable judgment on a cause of action for tort, . . . That the cross-plaintiff Evelyn Erwin is entitled to have her

said judgment against Thomas R. Kendall in the amount of $853.00 and accrued interest, as aforesaid, paid and satisfied by said cross-defendant G. E. Oaks out of said sum of $1625.00 awarded to said cross-defendant Thomas R. Kendall by the Judgment in said action.''

The judgment in the ejectment case did provide ''That plaintiff take nothing by his complaint in said action; that defendant do have and recover judgment for damages against plaintiff in the sum of $1625.00'' and that ''upon the delivery of said deed to defendant, the defendant pay to plaintiff the sum of $1506.33 to cover the balance due plaintiff on the purchase price of said real property.''

It does appear that the court determined in the ejectment suit that there was an unpaid balance of $3,131.33 due on the purchase price of the property, upon which Kendall was entitled to a credit of $1625 on account of damages, leaving a balance of $1506.33 due to the vendor on the purchase price of the land. In view of what has been said regarding the invalidity of a subsequent judgment lien, it is not necessary for us to determine whether the court properly construed the judgment in the ejectment suit. Regardless of the construction of the former judgment, it remains true that Kendall still owed plaintiffs $1506.33 on the purchase price of the land, no part of which has been paid, and that Kendall never received a deed to the land, nor held more than an equitable interest therein. Since this equitable interest in the land is not subject to a judgment lien under the California authorities, it is immaterial how the judgment in the ejectment suit should be construed.

Assuming, without so deciding, that the respondent should have a legal right to foreclose her judgment lien upon the equitable interest of Kendall in the real property to satisfy her claim of $853 and accrued interest, it would be inequitable for her to do so until the vendor of the real property was first paid the ascertained unpaid balance of the purchase price in the sum of $1506.33. The specific terms of the contract, an express lien and equity, entitle the plaintiffs to that payment undiminished by any subsequent claim. It is superior to the rights of all persons, except *bona fide* purchasers for a valuable consideration without notice. It takes precedence over all claims and liens of judgment and attachment creditors of the purchaser. We are therefore of the opinion

the respondent's claim by virtue of her assumed judgment lien is without merit.

The judgment is reversed and the court is directed to render judgment quieting title in plaintiffs to the real property free from the asserted lien of the respondent.

A petition by respondent to have the judgment heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 31, 1938.