[Civ. No. 2827.   Fourth Dist.   Jan. 15, 1942.]

HOMELAND BUILDING COMPANY (a Corporation), Appellant, v. GLENN Q. REYNOLDS et al., Respondents.

Liggett & Liggett for Appellant.

Charles B. Provence for Respondents.

BARNARD, P. J.—This is an action for declaratory relief and to set aside an alleged fraudulent transfer of real property from Glenn Q. Reynolds to his wife Esther Reynolds. The plaintiff sought to have it declared that a judgment it held against Glenn Q. Reynolds was a valid lien against the property and unaffected by a homestead declaration filed by the wife.

The defendants were married in 1919 and had three children. On March 4, 1935, Mrs. Reynolds bought the property in question, which consisted of some lots with an unfinished house thereon, agreeing to pay about $1,000 therefor. At that time she paid $100 down and received some sort of receipt agreement. On March 13, 1936, she entered into a more formal agreement with the owner of the property, which agreement was also signed by her husband. This agreement provided that $450 should be paid from money expected to be received from a veteran's bonus payment due to Reynolds and some $500 out of a loan of $1,880 being made by a savings and loan association.

In December, 1936, through an escrow, this savings and loan association increased its loan to $2,500 and the balance due was paid to the owner of the property who conveyed it to Mrs. Reynolds by a deed which was recorded December 26, 1936. Under the arrangement, the remainder of the loan was used in completing the house on the property. On March 9, 1937, Mrs. Reynolds recorded a declaration of homestead. In the meantime and on June 24, 1936, the plaintiff herein recovered a judgment for $428.15 against Mr. Reynolds, an abstract of which judgment was recorded on June 26, 1936. The record fails to show when this obligation was incurred.

The court found in all respects in favor of the defendants finding, among other things, that at the time the abstract of the judgment was recorded Glenn Q. Reynolds was not the equitable owner of this property; that Mr. and Mrs. Reynolds did not procure a conveyance in the name of Mrs. Reynolds without any consideration paid by her and did not procure such conveyance for the purpose of defrauding the creditors of Mr. Reynolds and in particular this plaintiff; that the property was not the community property of the defendants; that it was the separate property of Mrs. Reynolds; that Mrs.

Reynolds has not held and does not hold the legal title as trustee for Mr. Reynolds; that Mrs. Reynolds is the owner of the property; that Mr. Reynolds has never held the legal title to and has never been the legal owner of said property; and that prior to December 26, 1936, he made a gift of any interest he might have in the property to his wife. As conclusions of law, it was found that the judgment lien of the plaintiff has never attached to the property and that the declaration of homestead filed by Mrs. Reynolds is valid as against any claim of the plaintiff. From the judgment which followed the plaintiff has appealed.

The appellant contends that the taking of title in the name of Mrs. Reynolds was fraudulent because it appears that Mr. Reynolds was unable to pay the judgment held by the appellant and that the property was in fact the community property of Mr. and Mrs. Reynolds, that because of this fraudulent conveyance Mr. Reynolds had an equitable interest in the property which was subject to the lien of appellant's judgment under the provisions of section 674 of the Code of Civil Procedure, and that this lien attached to such interest before the declartion of homestead was filed.

The appellant concedes that it had no lien so long as the property was being purchased on a contract (citing *Oaks* v. *Kendall,* 23 Cal. App. (2d) 715 [73 Pac. (2d) 1255]; *Belieu* v. *Power,* 54 Cal. App. 244 [201 Pac. 620]), but maintains that when a deed was taken in the name of Mrs. Reynolds, for the purpose of defrauding the appellant, Mr. Reynolds had an equitable interest in the property which then became subject to the lien of appellant's judgment.

The general rule in this state is that legal interests only, as distinguished from equitable interests, are subject to judgment liens established under section 674 of the Code of Civil Procedure. (*Poindexter* v. *Los Angeles Stone Co.,* 60 Cal. App. 686 [214 Pac. 241]; *Graves* v. *Arizona Central Bank,* 205 Cal. 715 [272 Pac. 1063]; *McGee* v. *Allen,* 7 Cal. (2d) 468 [60 Pac. (2d) 1026]; *Belieu* v. *Power, supra; Oaks* v. *Kendall, supra.*) The appellant contends, however, that where property is conveyed to another for the purpose of protecting a judgment debtor's real interest in the property and in order to defeat a judgment the judgment-debtor has an interest, whether legal or equitable, which should be held subject to the judgment lien. Assuming this to be true, we are not here called upon to decide such a question.

The appellant's contention that the court failed to find on the issue of fraud is without merit. The court found that each and every allegation of the complaint bearing on the question of fraud was not true. No failure of the evidence to sustain these findings is pointed out other than the general claim that Mr. Reynolds was insolvent, that the property was community property, and that there was no valid gift of the property to Mrs. Reynolds. It appears without contradiction that Mr. Reynolds, who was gassed in the World War, was in very bad health and unable to work. He testified that between 1930 and 1934 he was very ill and was told by his doctor that he could not live; that during this period he gave the adjusted service certificates which he had received from the United States Government for his services in the World War, amounting to $450, to his wife in order to protect her and the children because of his health and condition; that he never saw this property until after his wife had bought it; and that he signed no papers except as he was required to do so by the loan association from which his wife secured a loan.

In our opinion, the court's findings to the effect that this property was the separate property of Mrs. Reynolds and not the community property of herself and her husband was sufficiently sustained by the evidence. The property was conveyed to Mrs. Reynolds and the presumption is that it was her separate property. There is no evidence that any money went into the purchase of the property, aside from the proceeds of a trust deed thereon, except the original payment of $100 and a subsequent payment of $450. It appears without conflict that Mrs. Reynolds borrowed the $100 for the first payment from a friend in March, 1935, and that in May, 1935, she borrowed $100 on her car and repaid her friend. Mrs. Reynolds testified that she owned this car and there is no evidence to the contrary. The $450 came from Mr. Reynolds' soldier bonus, which was exempt from execution, and the evidence that he gave these certificates to his wife prior to 1934 stands without contradiction. It also appears, without conflict, that Mr. Reynolds did not see the property until after his wife had bought it, that when the escrow was started in December, 1936, he refused to sign instructions which provided that title was to be taken in himself and wife until his own name was scratched out, and that he signed a contract and a trust deed only because this was required by

the loan association before a loan would be made. Without further reviewing the testimony of Mr. and Mrs. Reynolds in this connection and in support of the finding that a gift was made, it must be held that the evidence in its entirety, with the reasonable inferences therefrom, amply sustains the court's findings that this property and the funds going into its purchase were the separate property of Mrs. Reynolds and that Mr. Reynolds had no interest therein. Under the circumstances here appearing, it must be held that no lien attached to this property through the recording of the abstract of the appellant's judgment.

For the reasons given the judgment is affirmed.

Marks, J., and Griffin, J., concurred.