[Civ. No. 1098.   Fourth Appellate District.—September 24, 1934.]

C. C. NORTH, Respondent, v. LILLIAN E. EVANS, Appellant.

Frank J. Macomber for Appellant.

S. G. North for Respondent.

MARKS, J.—On December 13, 1927, Lillian E. Evans gave E. D. Wilkinson her promissory note for $700, due 180 days after date. On March 28, 1928, she gave him a second note for $787.50, due on or before September 1st of the same year. Prior to October 3, 1930, Wilkinson assigned both notes to C. C. North for collection. On that date Mrs. North instituted this action against Mrs. Evans to collect the principal sums, interest, and attorney's fees with S. G. North appearing as her attorney. Mrs. Evans filed her answer and on December 24, 1930, the trial court gave judgment against her on the pleadings. On December 31, 1930, E. D. Wilkinson assigned all his right, title and interest in this judgment to S. G. North for and in consideration of the sum of $100, and on January 5, 1931, C. C. North assigned all of her right, title and interest in the judgment to S. G. North in consideration of the sum of $5. Notices of these assignments were served upon Lillian E. Evans and her attorneys on January 5, 1931. This judgment was reversed by this court on October 2, 1931. (*North* v. *Evans*, 117 Cal. App. 317 [3 Pac. (2d) 609].) On December 3, 1931, the county clerk of San Diego County entered judgment in favor of Lillian E. Evans and against C. C. North in the sum of $92, costs of appeal.

The San Diego Trust and Savings Bank secured a judgment against E. D. Wilkinson and his wife in the sum of $568.03, which was assigned to J. K. Wilson. On October 7, 1932, an execution was issued on this judgment and placed in the hands of the sheriff of San Diego County with instructions to levy upon all of the right, title and interest of E. D. Wilkinson in and to the promissory notes upon which this action is brought, by serving a writ of garnishment upon the county clerk of San Diego County who had possession of the notes which were attached as exhibits to a deposition of E. D. Wilkinson taken by the plaintiff in the instant case, and filed in the office of the county clerk. The clerk made a return on the garnishment stating that he had the notes

in his possession but did not deliver them to the sheriff. No garnishment was served on the maker of the notes.

On October 8, 1932, Lillian E. Evans had an execution issued on the $92 judgment for costs entered in this case against C. C. North, and on the same day obtained an order of the Superior Court of San Diego County ''directing the said clerk to recognize the levy of said execution by the sheriff of the County of San Diego, State of California, on the notes sued on herein as the property of C. C. North''. The sheriff served the writ on the county clerk and obtained possession of the notes. On October 13, 1932, Mrs. Evans directed the sheriff to withdraw the levy of the execution. On October 19, 1932, the sheriff of San Diego County sold all of the right, title and interest in the notes for $350 to J. K. Wilson under the execution issued in the case of the San Diego Trust and Savings Bank against Wilkinson and wife. The notes were delivered to Wilson.

On October 20, 1932, Lillian E. Evans directed the sheriff to levy a garnishment on the notes in the possession of J. K. Wilson under the execution issued on the judgment for $92 costs in the instant case and to sell the interest of C. C. North in the notes. Prior to the sale S. G. North filed a third party claim in which he claimed to be the legal and equitable owner of the notes and a person not named in the findings before us (a line evidently is omitted in the printed copy) filed another third party claim to a sixty per cent interest in the notes. On October 21, 1932, the interest of C. C. North in the notes was sold by the sheriff to Lillian E. Evans for $50, and the notes delivered to her attorney. No execution was ever levied upon, or sale had, of the interest of S. G. North or C. H. Lytle in the notes.

Mrs. Evans filed supplemental answers setting up the judgment for $92 costs and the proceedings had in connection with the execution sales which we have outlined. The case proceeded to trial with S. G. North acting as attorney for C. C. North, who continued as the plaintiff, and on May 8, 1933, the trial court rendered judgment in favor of the plaintiff in the sum of $1487.50 principal, $543.86 accrued interest, and $201.55 attorney's fees.

This appeal is from that judgment. It being taken on the judgment-roll alone we must assume that all of the findings of fact, from which we have gleaned those set

forth, are supported by sufficient material and competent evidence.

The first question presented to us is the effect of the assignment of the judgment of December 24, 1930, by E. D. Wilkinson and C. C. North to S. G. North, that judgment having been reversed on appeal.

The only California case directly bearing upon this question is the old case of *Brown* v. *Scott,* 25 Cal. 189, where it was held that an assignment of a judgment effected an assignment of the debt for which it was obtained, even though the judgment itself was void as being beyond the jurisdiction of the court to render.

The case of *Rufe* v. *Commercial Bank of Lynchburg, Va.,* 99 Fed. 650, is factually similar to the instant case. There a judgment was recovered and an assignment made of it. It was later set aside and another judgment entered for the plaintiff. The Circuit Court of Appeals was of the opinion that one person cannot hold the judgment and another the debt as "they are inseparable".

These cases furnish us with authority for reaching the conclusion that in the instant case the debt being assignable, the assignment of the judgment assigned the debt upon which it was based. We express no opinion on the effect of the assignment of a judgment recovered upon a cause of action which is not assignable under the laws of this state.

Defendant urges that neither the plaintiff nor S. G. North are the owners of the judgment or the debts on which it was obtained for the reason that title was passed to J. K. Wilson by the sheriff's execution sale on October 19, 1932, under the judgment obtained by the San Diego Trust and Savings Bank against E. D. Wilkinson. There is no merit in this contention. The trial court found that many months prior to the execution sale, Wilkinson had assigned the notes in issue here to C. C. North for collection and that for a valuable consideration both Wilkinson and C. C. North had assigned the judgment obtained on the notes to S. G. North. All interest of Wilkinson in the notes passed out of him long before the levy of the execution and he had no interest in them at the time of the levy and sale. (*Curtin* v. *Kowalsky,* 145 Cal. 431 [78 Pac. 962].) It follows that Wilson acquired no interest in the notes or the debts through the sheriff's sale.

In considering the effect of the execution sale of the notes to defendant under the execution on the $92, judgment for costs in the instant case, we must bear in mind the following facts: That the notes were in the possession of the county clerk of San Diego County; that garnishment was made upon him by the sheriff on October 8, 1932, by virtue of an execution issued on the judgment in the case of *San Diego Trust & Sav. Bank* v. *Wilkinson;* that the notes were not delivered to the sheriff as they were regarded as being *in custodia legis;* that on the next day defendant had issued an execution in the instant case and secured the order of a judge of the superior court directing the clerk to recognize the levy of the execution from which we have quoted; that a second levy was made by the sheriff and the notes delivered to him by the clerk under the execution issued on the judgment for costs; that on October 13, 1932, defendant directed the sheriff to withdraw her levy on the notes; that on the nineteenth day of October, 1932, the sheriff sold the notes to J. K. Wilson under the execution in the San Diego Trust and Savings Bank case and delivered them to Wilson, the purchaser; that on the next day the sheriff levied on the notes in the possession of Wilson under the execution issued on the judgment for costs, and on November 21, 1932, sold and delivered them to Lillian E. Evans at the execution sale on her judgment.

It is the theory of defendant that since the notes were in the custody of the law when in the possession of the county clerk they were not subject to the levy of the first execution. (13 Cal. Jur. 5; 15 Cal. Jur. 1011; 23 C. J. 357.) She also assumed the position that while the first garnishment had no force or effect because the sheriff could not take possession of the notes to sell them, the second garnishment on her execution was effective because of the *ex parte* order of the superior court. Assuming these positions to be correct, the sheriff had no right to retain possession of the notes after defendant ordered him to release the levy under her execution. If such levy was the only legal authority for the possession of the notes by the sheriff, his right of legal possession ended with the release of that levy. He should have then returned the notes to the possession of the clerk. As he did not do so he must be regarded as holding them for the clerk, who was legally entitled to their custody. It follows,

from the premises that defendant has given us, that the possession by the clerk was the possession of the law and that the subsequent execution sales were of no effect. Defendant can protect herself in so far as her judgment for costs is concerned when the judgment in this case becomes final.

Plaintiff does not attempt to support that portion of the judgment which allowed her attorney's fees, as her attorney was in fact the real party in interest in this action.

The judgment is modified by striking therefrom the $201.55 allowed as attorney's fees, and as so modified is affirmed. Each party will pay his own costs of appeal.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 22, 1934.