[L. A. No. 15073. In Bank.—March 17, 1936.]

CALIFORNIA TRUST COMPANY (a Corporation), Executor, etc., et al., Respondents, v. KERCKHOFF-CUZNER MILL AND LUMBER COMPANY (a Corporation) et al., Defendants; JOHN L. KIRKPATRICK, Appellant.

F. E. Davis, H. C. Millsap, H. L. Duckett, Jr., and Herbert Cutler Brown for Appellant.

Wendell P. Hubbard for Respondents.

SHENK, J.—California Trust Company, as executor of the estate of R. W. Huntley, deceased, brought the action to quiet title to certain lots situated in Los Angeles. Subsequently the heirs of the decedent were joined as party plaintiffs. Certain of the defendants filed disclaimers and otherwise waived any right to oppose the plaintiffs' claim of title. The trial proceeded on the issues raised by the complaint and the answer of the defendant, John L. Kirkpatrick. The plaintiffs had judgment, from which John L. Kirkpatrick, who will be referred to as the defendant, has appealed.

The plaintiffs deraigned title through a trustee's deed delivered pursuant to a sale of the property under a deed of

trust. On September 16, 1927, the property was owned by Thelma H. Davis, who on that day deeded it to Amanda E. Lesher. On the same day the last two named persons and F. E. Davis executed a deed of trust securing payment of the sum of $8,500 to Ethel L. Purwin. At the sale held under that deed of trust on November 15, 1930, Fred J. Eddy became the purchaser, and on November 17, 1930, he received the trustee's deed which was recorded on that day. On September 23, 1932, Eddy and his wife delivered to the plaintiff executor their deed running to the "heirs or devisees of R. W. Huntley, deceased", the estate being then in the course of administration.

The defendant claimed title through a grant deed executed by Amanda E. Lesher on October 2, 1930, and which was delivered to him in January, 1932. In addition the defendant sought to have declared as an equitable mortgage a certain instrument executed in December, 1931, by Amanda E. Lesher, on the one hand, and Eddy and Huntley on the other, which purported to be a six months' option to purchase the property by Amanda E. Lesher for the sum of $13,000, but which option was never exercised. All of the terms and provisions of the option need not be noted. It was the defendant's theory that the option to purchase should have been construed as an equitable mortgage and that the plaintiffs should have brought a foreclosure action instead of an action to quiet title. The trial court found that at the time of the delivery of the grant deed by Amanda E. Lesher to the defendant, the former was not the owner of the property but that all of her right, title and interest had been foreclosed by the sale under the deed of trust. It found further that the option agreement was not in fact or in legal effect an equitable mortgage, that the option had not been exercised, and that the option instrument was no longer in force. Judgment was accordingly entered for the plaintiffs.

The main contention on the appeal is that the trial court erred in concluding that the option agreement was not an equitable mortgage. The defendant relies on cases wherein deeds have been construed as mortgages when it appeared that it was the intention of the parties to transfer the interest as security for the payment of a debt. An analogous situation is not presented in this case by the execution of the option agreement. The option agreement did not transfer an inter-

est in the land. The holder of the legal title had already received it through the sale proceedings under the deed of trust. Here the security for the payment of the debt was the deed of trust, and the trustors' interest and title had been foreclosed by the sale proceedings. The trial court was justified in taking the view that the further agreement between the parties was merely for the purpose of according to the trustors a period within which they would be permitted to redeem the property if they so desired. Proceedings under the deed of trust had already been taken and completed. There was no need of further proceedings to effect the same end, viz., to divest the trustors of any title, inasmuch as that had already been accomplished by the sale. There was nothing in the evidence to show any intention, by the execution of the option agreement, to change the character of the transfer from the trustee to Eddy, i. e., that the latter should hold the title for purposes of security only, and thus subject the property to another foreclosure sale. The circumstances and the option instrument itself clearly negative any such intention. In cases where a conveyance is made for purposes of security only, a court is effecting the intent of the parties in treating the instrument of transfer as a mortgage. But there is no basis in fact in the present case for rewriting the option instrument as an agreement to hold the title already received on the sale proceedings as security for the payment of the purchase price mentioned therein, in the absence of any evidence indicating that the parties had such an intention.

Other contentions of the defendant require but brief notice. The deed to the Huntley estate ran to the "heirs or devisees" of Huntley. It was held in the case of *Schade* v. *Stewart*, 205 Cal. 658 [272 Pac. 567], that this constitutes a valid grant, where the decree of final distribution has not yet been entered. There was no necessity for the trial court in the present case to determine the interests of the plaintiffs in the property as among themselves. That was a matter for the probate court on final distribution. Since the appeal herein, the estate has been distributed and by assignment from the other heirs or distributees Marie T. Huntley has become the owner of the property here involved and the sole party plaintiff interested in the outcome of the action. The description of the property in the deed from Eddy to the estate was not uncertain so as to avoid the effect of the deed as a grant. It

was the same description as that contained in the deed of Amanda E. Lesher to the defendant, pursuant to which the defendant claimed title to the property.

No other point requires discussion.

The judgment is affirmed.

Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.