[Civ. No. 2641. Fourth Dist.—May 2, 1941.]

MARGARET G. COOK, Appellant, v. MARIE T. HUNTLEY et al., Respondents.

George P. Cook and L. E. Dadmun for Appellant.

Wendell P. Hubbard for Respondents.

MARKS, J.—Plaintiff brought this action to quiet her title to property in Los Angeles County and to cancel certain instruments under which Marie T. Huntley (hereinafter called defendant) claims title to the property. The trial court

found against plaintiff on all material issues and rendered judgment for defendant. This appeal followed.

The interest which plaintiff claimed in the property grew out of the following:

Record title to the property in controversy stood in the name of Thelma H. Davis in 1924. On August 14, 1924, F. E. Davis and Thelma H. Davis had executed promissory notes aggregating $1,030.48 payable to C. E. Ulrich. On May 3, 1929, Ulrich recovered judgment against F. E. and Thelma H. Davis on these notes in the sum of $1500.47. An abstract of this judgment was recorded on May 13, 1929. On October 20, 1934, Ulrich filed suit on this judgment and on November 10, 1934, recovered judgment against F. E. Davis and Thelma H. Davis in the sum of $2,113.62. An abstract of this judgment was recorded on November 20, 1934. On April 20, 1936, an execution was issued on this judgment and a levy was made on the real property in question. The interest of F. E. and Thelma H. Davis was sold under the execution to George P. Cook. On October 29, 1936, George P. Cook, by quitclaim deed, conveyed his interest in the property to Margaret G. Cook, the plaintiff. On May 18, 1937, a marshal's certificate of sale was issued to Margaret G. Cook. The amended complaint on which this action was tried was filed on February 6, 1937, before the judgment debtor's equity of redemption had expired.

Defendant traces her title through the following instruments:

On June 27, 1927, F. E. and Thelma H. Davis conveyed the property to Amanda E. Lesher, sister of Mrs. Davis. Mr. and Mrs. Davis were indebted to a number of people at the time. It is probable that this transfer was made without consideration and to defraud creditors in so far as the three parties to the deed were concerned. As there is no finding to the contrary we will assume fraud and lack of consideration in this transaction.

On September 16, 1927, F. E. and Thelma H. Davis and Amanda E. Lesher obtained a loan of $8,500 from Ethel L. Purwin. They executed a promissory note for that amount payable in three years, secured by a deed of trust on the property. She was an innocent party in this transaction without notice of any fraud or failure of consideration in the preceding transaction. She actually paid the trustors, or

one or more of them, the $8,500. There is no evidence that she was not a *bona fide* lender for value.

On June 30, 1930, Mrs. Purwin started proceedings to foreclose the deed of trust. The trustee's sale was fixed for October 15, 1930.

F. E. Davis was an attorney at law and R. W. Huntley was his client. Fred J. Eddy was a business associate of Huntley.

Davis represented to Huntley that if given additional time he could secure the money with which to pay the Purwin note and repay Huntley any money he might pay Mrs. Purwin to secure the extension.

On October 9, 1930, Huntley paid Mrs. Purwin $2,500 for an extension of the date of sale to November 15, 1930, and an option to purchase the note and deed of trust for $7,527.04, plus accruing interest. The date of the sale was continued to November 15, 1930.

Davis notified Huntley that he could not raise the money to pay the Purwin note. On November 12, 1930, Huntley paid Mrs. Purwin $7,589.76, and the note and deed of trust were assigned to Eddy at the request of Huntley. The sale was held on November 15, 1930. Eddy purchased the property for $10,496, the amount of principal and interest due on the note, plus costs of sale. He received the trustee's deed to the property which was promptly recorded. The sale was conducted according to all legal requirements. On November 15, 1930, Eddy executed his promissory note for $17,000, payable to Huntley, which note was secured by a deed of trust on the property.

On December 4, 1931, Eddy and Huntley gave Amanda E. Lesher an option to purchase the property for $13,000. This option was never exercised and was permitted to expire. (See *California Trust Co.* v. *Kerckhoff-Cuzner Mill & Lbr. Co.*, 5 Cal. (2d) 628 [55 Pac. (2d) 865].)

On December 5, 1931, Eddy and his wife conveyed the property to Maude Kibbee who reconveyed it to Eddy on February 5, 1932.

Huntley died on February 11, 1932, and his will was duly probated. On September 15, 1932, the probate court authorized the executor to accept a deed to the property from Eddy in cancellation of the note and deed of trust from Eddy to Huntley. On September 23, 1932, Eddy and his wife conveyed the property to the heirs and devisees of R. W. Hunt-

ley. It was finally distributed to his widow, Marie T. Huntley, the defendant in this action.

Plaintiff argues at great length, and vociferously, that Mr. and Mrs. Davis, Amanda E. Lesher, Huntley and Eddy conspired together to defraud the creditors of Mr. and Mrs. Davis through all these transactions. It should be unnecessary for us to consider the various arguments pointing to fraud, as the trial court found against these claims and there is ample evidence to support these findings. The claimed fraud is based largely on inferences drawn by plaintiff from the evidence we have outlined. Contrary inferences were drawn by the trial judge and as they were reasonable inferences they are controlling here. (*Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421 [213 Pac. 42, 26 A. L. R. 123].) Also, there is testimony in the record negativing fraud which further supports the findings.

The only interest plaintiff can claim in the property is through Mr. and Mrs. Davis. If they had no interest in it in November, 1934, when C. E. Ulrich recovered his judgment against Mr. and Mrs. Davis on which the execution was issued and when the abstract of that judgment was recorded, and on April 20, 1936, when George P. Cook, plaintiff's grantor, bought the property at execution sale under that judgment, then plaintiff acquired no interest in the property, for the purchaser at an execution sale only acquires such interest in the property sold as the judgment debtor may have had at that time. (*McAlvay* v. *Consumers' Salt Co.*, 112 Cal. App. 383 [297 Pac. 135]; *North* v. *Evans*, 1 Cal. App. (2d) 64 [36 Pac. (2d) 133]; *Anglo-California Trust Co.* v. *Oakland Rys.*, 193 Cal. 451 [225 Pac. 452].)

The important question for decision is: Did F. E. and Thelma H. Davis, the judgment debtors, have any interest in the property after the trustee's sale and deed to Eddy on November 15, 1930, almost two years before the judgment was rendered on which the execution was issued and over three years before the execution was issued and the sale had through which plaintiff claims?

As we have already indicated, Mrs. Purwin actually loaned $8,500 to F. E. and Thelma H. Davis and Amanda E. Lesher, or one or more of them, and in good faith took the trust deed as security for the loan. As she had no notice of any defect in her trustors' title she must be held to have been an

innocent encumbrancer for value and without notice. It follows that her security was a valid and binding obligation not subject to later attack by the creditors of the trustors.

It is true that Huntley bought the note and deed of trust after maturity, but it is equally true that he paid Mrs. Purwin in full its principal, accrued interest and all costs incurred in the foreclosure proceedings. It is also true that Huntley had the note and deed of trust assigned to Eddy who was named as grantee in the trustee's deed. Thus Eddy held the title to the property as trustee for Huntley.

The only infirmity that could properly be urged in connection with the execution of the note and deed of trust was the claimed fraud on the part of the trustors of which the beneficiary had no notice so that the fraud of the trustors did not affect the instrument. Neither Huntley nor Eddy were parties to this fraud and there is nothing to show that they had any knowledge of it. Therefore, when they took the instruments they succeeded to all the rights of the prior holder (Civ. Code, sec. 3139) and succeeded to her rights as an innocent holder for value. (*Havens* v. *Foskett*, 81 Cal. App. 653 [254 Pac. 642]; *North Hollywood Mtg. Co.* v. *North American etc. Co.*, 137 Cal. App. 180 [30 Pac. (2d) 446].)

There is no intimation that the trustee failed to take, with legal precision, all of the steps necessary to constitute a valid and lawful sale of the property under the terms of the deed of trust. The purchaser at the sale obtained title to the property which dated back to the date of the deed of trust and all subsequent liens were destroyed by the sale. (*Penryn Fruit Co.* v. *Sherman-Worrell Fruit Co.*, 142 Cal. 643 [76 Pac. 484, 100 Am. St. Rep. 150]; *Carpenter* v. *Smallpage,* 220 Cal. 129 [29 Pac. (2d) 841].)

Plaintiff argues at considerable length that the various transactions involving the property after the foreclosure sale are indicative of fraud. The trial court found these transactions free from fraud, which finding is conclusive here. Further, it is clear that Mr. and Mrs. Davis, the judgment debtors, had no interest in the property either at the time that Ulrich recovered his judgment in November, 1934, or at the time of the execution sale in April, 1936, so no interest in the property was passed to the purchaser by that sale. (*North* v. *Evans, supra.*) It is also true that any possible lien on the property arising from either of the abstracts of judgment

was destroyed by the trustee's sale under a deed of trust which deed of trust antedated both of them several years.

The lien of a judgment only attaches to real property in which the judgment debtor has a vested legal interest. (Code Civ. Proc., sec. 674; *People* v. *Irwin,* 14 Cal. 428.) It will not attach to a mere equitable interest of the judgment debtor in real property (*Belieu* v. *Power,* 54 Cal. App. 244 [201 Pac. 620]; *Poindexter* v. *Los Angeles Stone Co.,* 60 Cal. App. 686 [214 Pac. 241]) nor to an estate for years. (*Summerville* v. *Stockton Milling Co.,* 142 Cal. 529 [76 Pac. 243].)

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 30, 1941.