[Civ. No. 2853.   Fourth Dist.   Aug. 4, 1942.]

M. W. KAINS, Appellant, v. ABBIE JEAN JONES et al., Respondents.

Aubrey Devine for Appellant.

Dempster McKee for Respondents.

BARNARD, P. J.—This is an action to set aside the transfer of certain personal property as having been made in contemplation of insolvency and in fraud of creditors.

The background of the action may be briefly stated as follows: In 1910, a predecessor of the plaintiff leased certain real property in San Diego to one Fulkerson for a term expiring in 1936. A theater was conducted on the premises and after three assignments the lessee's interest came into the hands of G. A. and K. G. Bush. In December, 1930, they assigned the lease to Alice N. Bush as security for a debt they owed her. They were, respectively, the husband and father-in-law of Alice N. Bush who is the mother of Abbie J. Jones, the other defendant in this action.

On October 20, 1934, Alice N. Bush reassigned the lease to G. A. and K. G. Bush. All rentals due under the lease up to that time had been paid in full and a theater enterprise which for many years had been conducted on the premises by G. A. and K. G. Bush was still yielding a very substantial profit. Later, the business became unprofitable and in June, 1936, the landlord recovered a judgment for $5,960 against Fulkerson, G. A. Bush, K. G. Bush and Alice N. Bush, that judgment covering two months' rent and some $4,000 for unpaid taxes.

In the meantime, and in November, 1934, Alice N. Bush transferred without consideration the personal property here in question to Abbie Jean Jones. Thereafter, and in March, 1937, Abbie Jean Jones transferred this personal property to one G. C. Parker.

This action, to set aside the transfer of November, 1934, from Alice N. Bush to Abbie Jean Jones, was filed on October 16, 1939. The court found in all respects in favor of the defendants with the exception that it found that the action was not barred by the statute of limitations. Among other things, the court found that at the time of the transfer Alice N. Bush was not indebted to the landlord under the lease; that she was not then insolvent and did not thereby render herself in-

solvent; that the transfer was not made in contemplation of insolvency; and that at the time of the transfer she had funds and property sufficient to pay all of the outstanding liabilities which she could with reason contemplate. The plaintiff has appealed from the judgment which followed.

One of appellant's main contentions is that the finding to the effect that Alice N. Bush was not indebted under this lease is without support in the evidence and in the law. It is contended that she became liable for future rentals under the lease by accepting a transfer thereof although she did not sign the assignment, and that the judgment obtained against her in the prior action is conclusive in this action although Abbie Jean Jones, the principal defendant here, was not a party to that suit. While a number of interesting legal points are raised in this connection it is unnecessary to consider or decide them because of other findings which are supported by the evidence. Assuming, but not holding, that appellant's contentions in this regard could be upheld the finding here attacked becomes immaterial in view of the other facts found.

The finding that Mrs. Bush did not make the transfer in contemplation of insolvency is supported by the evidence that the payments under the lease were not then in default, that the business being conducted on the leased premises was then yielding the same substantial profit it had long been paying, that the subsequent breach of the lease was caused by events which occurred many months after the transfer in question, and that she then had ample funds and property to pay all of her liabilities which could then be reasonably contemplated. With respect to the latter finding, while the appellant relies upon certain conflicting evidence, competent evidence is in the record which, if believed, discloses that at the time of making these transfers Alice N. Bush possessed other real and personal property of the value of $11,500, after making due allowance for an exemption of $5,000 on account of a homestead filed by her upon one of the real properties. The evidence supports the court's findings with respect to insolvency and those findings alone are sufficient to support the judgment.

A further consideration is that the evidence shows without conflict that the property, the transfer of which was here sought to be set aside, had been transferred to G. C. Parker more than 2½ years before this action was filed. Parker was not made a party to this action and it is difficult to see how, in his absence, the appellant could have been given a lien

upon the transferred property to the extent necessary to cover his prior judgment, as prayed for in the complaint. (See *Cook* v. *Huntley*, 44 Cal. App. (2d) 635 [112 P. (2d) 889].)

The judgment is affirmed.

Griffin, J., concurred.