**H. V. HIGLEY, as Administrator of Veterans Affairs, an Officer of the United States of America, Plaintiff,**

v.

**The CITY OF SACRAMENTO,**
**Defendant.**

**Civ. No. 7290.**

United States District Court
N. D. California, N. D.

Feb. 6, 1957.

Joseph F. Brodie, Michael A. Lydon and Charles H. Otterman, San Francisco, Cal., for plaintiff.

Everett M. Glenn, City Atty., Sacramento, Cal., for defendant.

HALBERT, District Judge.

This is an action brought under the provisions of § 694j(a) (1) of the World War II Servicemen's Readjustment Benefits Act, Title 38, U.S.C.A., with jurisdiction in this Court under the provisions of § 1345 of the Judicial Code, Title 28, U.S.C.A. The case has been submitted to the Court for its decision on an agreed statement of facts.

Plaintiff, acting pursuant to statutory authority, guaranteed loans to finance the purchase of three lots (hereinafter referred to as Parcels A, B and C) by their respective purchasers, which loans were secured by deeds of trust containing the power of sale as to each of the said parcels. Each of the respective purchasers defaulted on his loan, and in each instance, the trustee, upon such default, exercised the power of sale, and conducted sales of the respective parcels in accordance with the provisions of § 2924 of the California Civil Code. Plaintiff, acting pursuant to statutory authority, became the purchaser at the sale of Parcel A, taking the trustee's deed to the property, and took title to Parcels B and C by virtue of conveyances from the respective purchasers of those parcels at the respective trustee's sale. The defaulting vendees of Parcels A and B, during the course of their occupancies were provided with water service by the City of Sacramento, defendant herein, and at the time of the trustee's sale of each of these two parcels, water bills in the amount of $45 on Parcel A, and in in the amount of $31 on Parcel B, were due and unpaid. Thereafter, defendant shut off water service to these two parcels. As a condition to further water service to Parcels A and B, plaintiff was forced to pay the delinquent water charges incurred by the former owners, and did so pay them under protest to the defendant. Prior to the time of the

trustee's sale of Parcel C, water charges in the amount of $21 became due and unpaid, and remain unpaid at this time.

Sacramento City Ordinance No. 555, Fourth Series, provides that a lien and charge shall attach to the premises supplied with water at the time water charges become due and unpaid (§ 1), and further provides that after a specified lapse of time following notice to a delinquent user, water service to the premises may be cut off, and not resumed until all arrearages are fully paid (§§ 34 and 44).

Plaintiff seeks to recover the $45 paid to the defendant under protest to cover arrearages on Parcel A, and the $31 paid under similar circumstances to cover arrearages on Parcel B. Plaintiff further seeks to have the cloud created by the claimed lien in the amount of $21 removed from the title to Parcel C.

Plaintiff seeks by this action to challenge the validity of the Ordinance providing that the City shall have a lien on the premises for unpaid water charges, and notwithstanding the validity of the Ordinance, claims that such a lien, being subsequent in point of time to the lien through which he took title to the respective parcels, can have no force or effect as to him. Plaintiff further contends that the lien provision cannot validly apply to Parcels A and B because they are located without the city limits of the City of Sacramento.

█ In California it is clearly established that the furnishing of water services by a city to its inhabitants is a "municipal affair" within the meaning of Article XI, § 6, of the Constitution of the State of California, permitting cities to prescribe reasonable rules and regulations with respect to municipal affairs, City of Pasadena v. Charleville, 215 Cal. 384, 10 P.2d 745; City of South Pasadena v. Pasadena Land, etc., Co., 152 Cal. 579, 93 P. 490; and Mefford v. City of Tulare, 102 Cal.App.2d 919, 228 P.2d 847. A city's rule making power with respect to municipal affairs is limited only by the provisions of its own charter, Art. XI, § 6, supra, and

where the charter authorizes city control over a recognized "municipal affair", ordinances relating to that function are deemed to have been validly enacted. See: Dairy Belle Farms v. Brock, 97 Cal.App.2d 146, 217 P.2d 704, and cases there cited. It is also within the power of a city to furnish water service (as a municipal affair) to persons living without the city limits, and to regulate and provide such service on appropriate terms. and conditions, Sawyer v. City of San Diego, 138 Cal.App.2d 652, 292 P.2d 233, and Durant v. City of Beverly Hills, 39 Cal.App.2d 133, 102 P.2d 759.

It has been specifically held that the Ordinance of the City of Sacramento providing for a lien on the real property where the water bill is due and unpaid is valid (Per Judge Jay L. Henry of the Superior Court of the State of California in and for the County of Sacramento, in case No. 87910 of that Court, entitled Koshell v. City of Sacramento (1952)), and it has been generally held that a city has the power to discontinue water service where the user's bill becomes delinquent, and may withhold service as long as the bill remains unpaid, *provided* that the bill is reasonable and just and not disputed in good faith. Schultz v. Town of Lakeport, 5 Cal.2d 377, 54 P.2d 1110, 55 P.2d 485, 108 A.L.R. 1168.

█ In order to justify making the owner of real property liable for the unpaid water bills of the former owner, the unpaid water charges must be considered, by some theory, to be a lien or charge on the real property, thereby causing the obligation to follow the ownership of the land. Without such a lien, the ancillary power of the city to withhold future water service from the innocent subsequent owner of the premises until he satisfies the arrearages accumulated by the former owner could not validly be exercised without raising serious constitutional questions under the Fourteenth Amendment to the Constitution of the United States. See: Etheredge v. Norfolk, 148 Va. 795, 138 S.E. 508, 55 A.L.R. 781, and Annotation following. Furthermore, under the express

holding by the California Supreme Court in the case of Schultz v. Town of Lakeport, supra, the power to withhold water service cannot validly be exercised where the unpaid bill is *unjust*, 5 Cal.2d at pages 381, 382, 54 P.2d 1111, 1112, and to hold the subsequent owner of the premises liable for the unpaid water bills accumulated by the former owner in the absence of a lien of which the subsequent owner had notice would, in the opinion of this Court, be palpably unjust.

 The question remaining for determination, then, is whether the lien which the City has provided for in the case at bar can operate to impose upon the plaintiff the obligations incurred by former owners of each of the different parcels.

The general rule in California is that a sale by the trustee under the power of sale in a deed of trust has the effect of vesting the purchaser with title *as of the date the trust deed was executed*, which results in the extinguishment of all liens on the property attaching subsequent to the trust deed, Carpenter v. Smallpage, 220 Cal. 129, 29 P.2d 841; Bank of America v. Hirsch Merc. Co., 64 Cal.App.2d 175, 148 P.2d 110; Cook v. Huntley, 44 Cal.App.2d 635, 112 P.2d 889; and cf. § 2897, California Civil Code. An exception to the general rule exists, however, where the subsequent lien is created by virtue of a statute or ordinance in effect at the time the earlier encumbrance was imposed on the property which gives such lien priority over pre-existing encumbrances either by its express wording or by a reasonable inference therefrom. First National Bank v. Silva, 200 Cal. 494, 254 P. 262, and Guinn v. McReynolds, 177 Cal. 230, 170 P. 421. The theory behind this exception is quite obviously based on the assumption that all encumbrancers have notice that the statutory lien, if and when it may attach, will occupy a senior position. It follows, therefore, that if no such intention is manifested by the wording of the statute or ordinance, the lien created thereby cannot survive the sale by the trustee of a prior deed of trust.

A close examination of the lien created by § 1 of Sacramento City Ordinance No. 555, Fourth Series (in effect since 1932), indicates that it is to attach to the real property only after the water charges become due and unpaid, and there is nothing in the wording of that provision which manifests an intention by the drafters that such a lien should have priority over a pre-existing encumbrance on the property.[1]

Such being the case, the liens for unpaid water bills, which attached to the parcels with which we are here concerned, subsequent to the date on which the deeds of trust on those parcels were executed, and before the trustees' sales, were extinguished by said sales, with the effect that the purchasers and those claiming title through them took free and clear of such liens. Therefore, there was no obligation on the part of plaintiff to pay the delinquent water bills on Parcels A and B, and the money so paid to the defendant under protest should be restored to plaintiff in full. As to Parcel C, the cloud created by the lien of the City should be removed.

It is, therefore, ordered that plaintiff have judgment against the defendant:

a. For the sum of $45, together with interest, on the first cause of action set forth in plaintiff's complaint;

b. For the sum of $31, together with interest, on the second cause of action set forth in plaintiff's complaint;

---

[1]. The only language in the Ordinance which could even be the subject of an inference that the lien created thereby was intended to be paramount to prior liens is that which provides that it "shall remain a lien and charge on the property upon which water is used until paid." But this language says nothing more than any other "lien" language would say, namely, that the debt is secured until paid, and as such, could not fairly be said to impart notice that the lien shall be given priority over all other liens regardless of the time of their creation.

122

c. Quieting the title to the parcel of real property referred to as Parcel C, and particularly described in plaintiff's complaint; and

d. For plaintiff's costs of suit in this action.

And it is further ordered that plaintiff prepare findings of fact and conclusions of law, a form of judgment, and any other required documents, and lodge them with the Clerk of this Court pursuant to the applicable laws and the rules of this Court.

